IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA    RECEIVED
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TERRY DEESE,** | * | 2006 JUL 19 P 2: 10 |
| | * | |
| **Plaintiff,** | * | DEBRA P. HACKETT, CLK |
| | * | U.S. DISTRICT COURT |
| **v.** | * | MIDDLE DISTRICT ALA |
| | * | Case Number: 1:06cv643·MHT |
| **CHAMPION ENTERPRISES, INC.,** *et al.,* | * | |
| | * | |
| **Defendants.** | * | |

## NOTICE OF REMOVAL

**COME NOW** Champion Home Builders Co. (improperly named in the Complaint as Champion Home Builders Co., Inc.) (hereinafter referred to as "CHB"), one of the defendants in the above-styled action, by and through counsel, pursuant to 28 U.S.C. §§ 1332(a), 1367, 1441, and 1446, and with a full reservation of all rights, claims, demands, defenses, and objections, which include but are not limited to any and all rights of and to arbitration, any and all affirmatives defenses set forth in Rule 12 of the Federal Rules of Civil Procedure, including, but not limited to lack of personal jurisdiction, improper venue, failure to state a claim upon which relief can be granted, etc., together with any and all other rights, claims, demands, defenses, and objections of defendants, files this Notice of Removal and in support of the removal respectfully represents as follows:

### I.    Grounds for Removal

1.    Terry Deese (hereinafter referred to as "Plaintiff") commenced the above styled action on the 19th day of June 2006, by filing the Summons and Complaint.

2.    Removal of this action is timely, being within 30 days after receipt and/or notice, through service or otherwise, by any of the named defendants of a copy of the Complaint.  28 U.S.C. § 1446(b).

3.    A copy of all process, pleadings and orders filed in the Circuit Court of Houston County, certified by the Circuit Court Clerk, which includes the Cover Sheet, the Alabama Judicial Data Center Case Action Summary, the Alabama Judicial Data Center Fee Sheet, the Summons issued to Homes of Legend, Inc. (now known as Champion Homes of Boaz, Inc.) (hereinafter referred to as "Legend") which was returned undeliverable on the 6th day of July 2006, the Summons served on Champion Enterprises, Inc. (hereinafter referred to as "CEI") the 5th day of July, 2006, the Summons served on CHB the 27th day of June 2005, and the Complaint, are attached hereto as Exhibit "A."

4.    The only other defendants in this civil action have consented to removal through their duly authorized representatives.[1]  Attached hereto as Exhibit "B" is CEI's Consent to Removal.  Attached hereto as Exhibit "C" is Legend's Consent to Removal.

5.    The District Court of the United States has original jurisdiction over this action based on 28 U.S.C. § 1332(a) and/or supplemental jurisdiction based on 28 U.S.C. § 1441(a) and (b) and § 1367.

6.    The United States District Court for the Middle District of Alabama, Southern Division, is the federal judicial district and division embracing the Circuit Court of Houston County, where the suit was originally filed.  For the purpose of removal only, venue is proper under 28 U.S.C. § 1441(a).

_____

1    For purposes of removal, the citizenship of defendants sued under fictitious names is disregarded.  28 U.S.C. § 1441(a).

2.

7.    CHB will provide Plaintiff, by and through counsel, written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Further, CHB will cause a copy of this Notice of Removal to be filed with the Clerk of the Circuit Court of Houston County, Alabama, where the action was pending.

8.    The proper filing fee has been tendered to the Clerk of the United States District Court for the Middle District of Alabama, Southern Division.

9.    In further support of this pleading, CHB has attached hereto as Exhibit "D" the Affidavit of Parker Holloway for Legend and CHB (hereinafter referred to as "Holloway Affidavit"), and as Exhibit "E" the Affidavit of David N. Goltz, Esquire for CEI (hereinafter referred to as "Goltz Affidavit").

**II.    Diversity Jurisdiction**

10.    This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in pertinent part, as follows:

> (a)    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of The United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b)    Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

11.    This action is properly removable under 28 U.S.C. § 1441(a) as the United States District Court has original jurisdiction of the case under 28 U.S.C. § 1332(a), as amended, which provides, in pertinent part, as follows:

(a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between - -

(1)    Citizens of different states; . . .

12.    This Court has diversity jurisdiction over this action because there is complete diversity of citizenship between Plaintiff on one hand and defendants, Legend, CEI and CHB, on the other, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

13.    Plaintiff is a resident and citizen of the State of Alabama both at the time of the filing of the Complaint and at the time of removal. (Compliant, ¶1).

14.    At the time of the filing of the Complaint and at the time of the filing of this removal petition, Legend, CEI and CHB are all Michigan corporations with principal places of business in Auburn Hills, Michigan.    (Complaint, ¶¶ 2, 3, 4; Holloway Affidavit; Goltz Affidavit).    Accordingly, for purposes of determining the existence of diversity jurisdiction, Legend, CEI and CHB are citizens of Michigan. See 28 U.S.C. § 1332(c)(1).

**III.    Amount In Controversy**

15.    The amount in controversy exceeds $75,000.00,[2] exclusive of interest and costs.

---

2    When an amount in controversy above the jurisdictional requirement appears on the face of the complaint, there is a strong presumption that federal jurisdiction is proper. See *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 290-93 (1938). Due to the fact that there has not been an express limitation of all claims to an amount below $75,000.00, the "legal certainty" requirement imposed by *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092 (11th Cir. 1994),

16.     The Complaint seeks a judgment against the defendants for "mental anguish and emotional distress, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, annoyance, inconvenience" and that "Plaintiff have [sic] been subject to mold resulting from the defects." (Complaint, ¶ 27).  The Complaint further alleges wanton construction claims, fraudulent concealment claims and claims under the Alabama Extended Manufacturers Liability Doctrine seeking "compensatory damages as a jury may award, a separate amount as punitive damages, and their costs, as well as reasonable attorney fees." (Complaint, Counts Seven, Nine and Ten, *ad damnum* clauses to said counts).

17.     The Complaint claims an unspecified amount of damages.   The amount-in-controversy requirement for federal jurisdiction may be satisfied by a demand for damages if it is possible under state law for a jury to award the jurisdictional amount.   *Ryan v. State Farm Mutual Automobile Insurance Co.*, 934 F.2d 276, 277 (11th Cir. 1991).  Unlike the Complaint filed in *Burns v. Windsor Ins. Co.,* 31 F.3d 1092 (11th Cir. 1994), in this case there has not been an imposed cap on the damages claim.

18.     In determining the amount in controversy based on a claim for unspecified damages, defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $10,000.00, (now $75,000.00 and for the Magnuson-Moss Warranty Act, at least the sum or value of $50,000.00 (exclusive of interests and costs) 15 U.S.C. § 2310(d)(3)(B)). *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  Where a plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted

does not apply to this case.  At best, the Complaint claims "unspecified" damages.  In a case where the damages are unspecified and not expressly limited to an amount below the jurisdictional threshold, the removing defendant must demonstrate the amount in controversy by a preponderance of the evidence. See *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), reversed on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

because there is simply no estimate of damages to which a court may defer. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-1357 (11th Cir. 1996); *See also Gafford v. General Elec. Co.*, 997 F.2d 150, 160 (6th Cir.1993). In making this determination, the court may use its "common sense" by ascertaining the amount in controversy as to punitive damages by considering the number of plaintiffs and defendants. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1334 (5th Cir. 1995).

19.    In determining whether the jurisdictional level has been met, the court should look for guidance to decisions rendered in cases on the same type of suit. *Bolling v. Union Nat'l Life Ins. Co.*, 900 F.Supp. 400, 404 (M.D.Ala.1995). Faced with similar *ad damnum* language in other cases where no specific monetary demand is made, federal courts in Alabama have routinely taken judicial notice of the large punitive damages verdicts in Alabama and sustained removal over a plaintiff's argument that the amount in controversy is insufficient. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996); *Bolling v. Union Nat'l Life Ins. Co.*, 900 F.Supp 400, 405 (M.D.Ala. 1995); *Steele v. Underwriters Adjusting Co.*, 649 F.Supp. 1414 (M.D.Ala. 1986). The Alabama Supreme Court has affirmed large punitive damage awards in fraud actions on numerous occasions.[3]

20.    In *Steele v. Underwriters Adjusting Co.*, the court was confronted with the

---

[3]    *See, e.g., Intercontinental Life Ins. Co. v. Lindblom*, 598 So.2d 886 (Ala.1992); ($1,000,000 in punitive damages on fraud and bad faith claims); *Union Mortgage Company, Inc. v. Barlow*, 595 So.2d 1335 (Ala.1992) ($6,001,000 in punitive damages on claim of fraud); *Allstate Ins. Co. v. Hilley*, 595 So.2d 873 (Ala.1992) ($2,000,000 on claim of fraud); *Smith v. States General Life Ins. Co.*, 592 So.2d 1021 (Ala.1992) ($250,000 in punitive damages on fraud claim); *Fraser v. Reynolds*, 588 So.2d 488 (Ala.1991) ($375,000 in punitive damages in case alleging fraud); *United Companies Financial Corp., Inc. v. Brown*, 584 So.2d 470 (Ala.1991) ($250,000 in punitive damages on claims of fraud and breach of contract); *Standard Plan, Inc. v. Tucker*, 582 So.2d 1024 (Ala.1991) ($500,000 in punitive damages on claim of bad faith); *Fuller v. Preferred Risk Life Ins., Co.*, 577 So.2d 878 (Ala.1991) ($1,000,000 in punitive damages on claims of breach of contract and fraud).

removal of a state court complaint seeking unspecified punitive damages and demanding

"judgment against the Defendants in the [sic] amount to be fairly ascertained by the jury." *Id.* at

1415. In the case *sub judice*, the Complaint seeks damages for "mental anguish and emotional

distress, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, annoyance,

inconvenience" and that the "Plaintiff have [sic] been subject to mold resulting from the

defects". (Complaint, ¶ 27). The Complaint further alleges wanton construction claims,

fraudulent concealment claims and claims under the Alabama Extended Manufacturers Liability

Doctrine seeking "compensatory damages as a jury may award, a separate amount as punitive

damages, and their costs, as well as reasonable attorney fees." (Complaint, Counts Seven, Nine

and Ten, *ad damnum* clauses to said counts). The *Steele* court rejected the plaintiff's belated

argument that the amount in controversy was less than $10,000 [now $75,000], recognizing in

such cases that a court "may turn to the petition for removal to ascertain the amount in

controversy." *Id.* at 1416. In so doing, the *Steele* court held:

> "To allow [a plaintiff claiming unspecified damages to avoid federal jurisdiction]
> would violate this Court's notions of procedural fair play. A plaintiff should not
> be allowed to deprive a defendant of his right to remove through artful pleading
> practices.
>
> . . .
>
> The plaintiff should not be allowed to rob [a defendant] of its right to remove by
> demanding such damages as may be [']fairly ascertained by the jury['].
> Permitting such practice allows the Plaintiff to [']have his cake and eat it too.[']
> In other words, the Plaintiff effectively prevents federal jurisdiction by failing to
> demand a specific monetary figure, while making it possible for the jury to return
> a verdict well in excess of [the statutory amount]. Such an approach is simply
> unfair and will not be permitted by this court. *Id.* at 1416.

21. The Eleventh Circuit has held that under Alabama common law, punitive

damages are not recoverable for breach of contract. *Boyd v. Homes of Legend, Inc.,* 188 F.3d

1294 (11th Cir. 1999); *see also, Geohagan v. General Motors Corp.,* 291 Ala. 167, 279 So.2d

436, 438 (1973); *see also Wood v. Citronelle-Mobile Gathering Sys. Co.,* 409 F.2d 367, 369 (5th

Cir.1968). A warranty is a form of contract. *See Millsap v. Wolfe*, 1 Ala.App. 599, 56 So. 22, 24 (1911).

22.    Notwithstanding the above, the claim for relief makes apparent that the amount in controversy exceeds $75,000.00 as Alabama courts have repeatedly returned judgments awarding in excess of $75,000.00 for damages in cases where the same type claims were made[4]. In *Boyd*, the Eleventh Circuit based the amount-in-controversy on the purchase price of the subject manufactured home. *Boyd v. Homes of Legend, Inc.*, 188 F.3d at 1296, 1301. Notwithstanding the above, this case is distinguishable from the *Boyd* case in that in addition to making a claim for punitive damages and mental anguish, allegations of wantonness, fraudulent concealment and claims under the Alabama Extended Manufacturers Liability Doctrine have been made. (Complaint, Counts Seven, Nine and Ten).

23.    The Complaint alleges the sufferance of "mental anguish and emotional distress, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, annoyance, inconvenience". (Complaint, ¶ 27). Recent jury verdicts in Alabama reflect the potential magnitude of compensatory damages claims for mental and emotional distress arising from allegations of intentional fraud or breach of warranty. Verdicts well in excess of $75,000 have been rendered against corporate defendants, particularly out-of-state corporations, in such fraud or breach of warranty actions. *See e.g., Gallant v. Prudential Ins. Co. of Am.*, CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $430,000 in compensatory damages for alleged insurance

---

[4]    *See Horton Homes, Inc. v. Brooks*, 832 So.2d 44 (Ala. 2001) (Complaint, as amended, alleging breach of express warranty, breach of implied warranty, violation of the Magnuson Moss Warranty Act, negligent construction, wanton construction, negligent repair, wanton repair, fraudulent concealment, misrepresentation, misleading warranty under Magnuson-Moss Warranty Act, breach of warranty, and violation of the Magnuson-Moss Warranty Act, and allegations that purchaser had approximately $12,000 in actual economic loss, awarded $150,000 in compensatory damages, together with his costs of $5,340.03 and attorney fees of $34,612.50 plus punitive-damages award of $150,000 (after a remittitur of $450,000).

fraud); *Sperau v. Ford Motor Co.,* CV-91-34, 1994 WL 180700 (LRP JURY) (awarding $4,492,000 in compensatory damages to four plaintiffs for emotional distress allegedly caused by fraud); *Horton Homes, Inc. v. Brooks,* 832 So.2d 44 (Ala. 2001) (Complaint, as amended, alleging breach of express warranty, breach of implied warranty, violation of the Magnuson Moss Warranty Act, negligent construction, wanton construction, negligent repair, wanton repair, fraudulent concealment, misrepresentation, misleading warranty under Magnuson-Moss Warranty Act, breach of warranty, and violation of the Magnuson-Moss Warranty Act, and allegations that purchaser had approximately $12,000 in actual economic loss, plaintiff awarded $150,000 in compensatory damages, together with his costs of $5,340.03 and attorney fees of $34,612.50 plus punitive-damages award of $150,000 (after a remittitur of $450,000); *Southern Energy Homes, Inc. v. Washington,* 774 So.2d 505 (Ala. 2000) (On claims of breach of implied and express warranty, damage award of $375,000.00, a substantial portion of which was for mental anguish damages, was affirmed by Supreme Court of Alabama).

24.     The Complaint also states that the "Plaintiff have [sic] been subject to mold resulting from the defects". (Complaint, ¶ 27). Verdicts in cases where mold has been alleged have easily exceeded $75,000.00. See, e.g., *Jury Awards $32 Million to Texas Homeowner in Mold Coverage Case,* Mealey's Litig.Rep.: Mold, Vol. 1, No. 6 (June 2001); see also *New Haverford P'ship v. Stroot,* 772 A.2d 792 (Del. 2001) (Supreme Court of Delaware upheld approximately $1 million verdict against landlord based on tenant claims of leaks and mold in apartment causing health problems).

**IV. Jurisdictional Requirements**

25.     There is complete diversity of citizenship between Plaintiff and Legend, CEI and CHB, and given that the amount in controversy exceeds the jurisdictional amount, this Court has

original jurisdiction over Plaintiff's claims. See 28 U.S.C. § 1332(a)(1). To the extent this Court lacks original jurisdiction over any of Plaintiff's claims, this Court has supplemental jurisdiction over said claims, because the claims form part of the same "case or controversy" as the claims within this Court's jurisdiction. See 28 U.S.C. § 1367(a); see also *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995).

26.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

27.    The defendants named herein have heretofore sought no similar relief.

28.    Written notice of the filing of this notice of removal has been served upon the Plaintiff through counsel of record. A copy of this notice of removal will be filed promptly with the Clerk of the Circuit Court of Houston County, Alabama.

29.    Based on the preceding, this action is properly removable to the federal court in accordance with 28 U.S.C. § 1441(a).

30.    The time within which defendant is required to answer or respond to the Complaint in state court has not expired.

31.    Pursuant to Rule 81(c) of the *Federal Rules of Civil Procedure*, the defendants will answer and/or present other defenses or objections to the complaint.

32.    The defendant reserves the right to amend the notice of removal.

**WHEREFORE, PREMISES CONSIDERED**, defendants, desiring to remove this cause to the United States District Court for the Middle District of Alabama, Southern Division, prays that the filing of this Notice of Removal, the written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Houston County, Alabama, shall effect the removal of said cause to this Court and this Court will take

jurisdiction of this action and issue all necessary orders and process to remove this action from

the Circuit Court of Houston County, Alabama to this Honorable Court.

Respectfully submitted,

**RITCHEY & RITCHEY, P.A.**

Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Champion Home Builders Co.

OF COUNSEL:
**RITCHEY & RITCHEY, P.A.**
P.O. Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:    (205) 271-3105
Facsimile:    (205) 271-3111

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a copy of the foregoing has been served upon
the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103

by placing a copy of same in the United States Mail, postage prepaid, on this the _19th_ day of
_July_____, 200_6_.

**OF COUNSEL**

11

**EXHIBIT**

**_A_**

```
AVSO351                                              CV 2006 000375.00
-----------------------------------------------------------------------
                                        JUDGE: C. LAWSON LITTLE
-----------------------------------------------------------------------
                      ALABAMA JUDICIAL DATA CENTER
                         CASE ACTION SUMMARY
                            CIRCUIT CIVIL
-----------------------------------------------------------------------
   IN THE CIRCUIT COURT OF HOUSTON        COUNTY

   TERRY DEESE VS CHAMPION ENTERPRISES INC ET ALS
FILED: 06/19/2006 TYPE: NEGLIGENCE: GENERAL  TYPE TRIAL: JURY    TRACK:
***********************************************************************
DATE1:              CA:                CA DATE:
DATE2:              AMT:      $.00   PAYMENT:
DATE3:
***********************************************************************
PLAINTIFF  001: DEESE TERRY
                                       ATTORNEY: BEASLEY JERE
                              BEA020   BEASLEY METHVIN CROW
              AL  00000-0000           P O BOX 4160
          PHONE: (334)000-0000         MONTGOMERY, AL  36103
ENTERED:  06/19/2006 ISSUED:                     (334)269-2343
SERVED:             ANSWERED:          TYPE:
                                       JUDGEMENT:

                                       MILES W DANIEL DEE III
                                       BEASLEY ALLEN CROW
                                       P.O. BOX 4160
                                       MONTGOMERY, AL  36103
                                                 (334)269-2343

                                       VANCE CARL GIBSON
                                       BEASLEY/ALLEN/CROW.
                                       218 COMMERCE ST/P..BX41
                                       MONTGOMERY, AL  36103
                                                 (334)269-2343
-----------------------------------------------------------------------
DEFENDANT  001: CHAMPION ENTERPRISES INC
                2701 CAMBRIDGE COURT    ATTORNEY:
                SUITE 300
                AUBURN HILLS, MI  48326-0000
                PHONE: (334)000-0000
ENTERED:  06/19/2006 ISSUED: 06/23/2006 TYPE:   CERTIFIED
SERVED:             ANSWERED:           JUDGEMENT:
-----------------------------------------------------------------------
DEFENDANT  002: CHAMPION HOME BUILDERS CO INC
                %THE CORP CO SUITE 204  ATTORNEY:
                2000 INTERSTATE PARK DR
                MONTGOMERY, AL  36109-0000
                PHONE: (334)000-0000
ENTERED:  06/19/2006 ISSUED: 06/23/2006 TYPE:   CERTIFIED
SERVED: 6-27-06     ANSWERED:           JUDGEMENT:
-----------------------------------------------------------------------
DEFENDANT  003: HOMES OF LEGEND INC
                410 HENDERSON ROAD      ATTORNEY:

                BOAZ, AL  35957-0000
                PHONE: (334)000-0000
ENTERED:  06/19/2006 ISSUED: 06/23/2006 TYPE:   CERTIFIED
SERVED: NE         ANSWERED:           JUDGEMENT:
-----------------------------------------------------------------------
   7/5/06    - Certified Mail Return Receipt filed on Defendant, Champion Enterprises, Inc.
   6-27-06   - Certified Mail Return Receipt filed on Defendant, Champion Home Builders
   7-6-06    - Certified Mail Return Receipt filed on Defendant, Homes of Legend, Inc (Retd
                                                                          undelivable)
-----------------------------------------------------------------------
LIL  06/23/2006                                     CV 2006 000375.00
```

AVSO352

```
                                              CASE: CV 2006 000375.00
                                              JUDGE: C. LAWSON LITTLE
-----------------------------------------------------------------
                    ALABAMA JUDICIAL DATA CENTER
                 CASE ACTION SUMMARY CONTINUATION
                           CIRCUIT CIVIL
   -----------------------------------------------------------
   IN THE CIRCUIT   COURT OF  HOUSTON       COUNTY                 |
   -----------------------------------------------------------
   TERRY DEESE VS CHAMPION ENTERPRISES INC ET ALS
   FILED:  06/19/2006 TYPE:  NEGLIGENCE: GENERAL  TYPE TRIAL:   JURY      TRACK:
   *****************************************************************
   DATE1:            CA:                    CA DATE:
   DATE2:            AMT:        $.00  PAYMENT:
   *****************************************************************
```

*Circuit Court*

*State of Alabama, Houston County*
*I Judy Byrd, Clerk of The Circuit Court, hereby*
*certify that this is a true and correct copy of*
*CV06 - 375*
*filed in this court on 6-19-06*
*This the 18th day of July 20 06*

*Judy Byrd, Clerk*

LIL    06/23/2006

AVSO353

ALABAMA JUDICIAL DATA CENTER
FEE SHEET
CIRCUIT CIVIL                    CASE:CV 2006 000375.00

| IN THE CIRCUIT COURT OF HOUSTON | COUNTY | JUDGE: C. LAWSON LITTLE |

TERRY DEESE VS CHAMPION ENTERPRISES INC ET ALS
PATTY:BEASLEY JERE                    DATTY:
BEASLEY METHVIN CROW
P O BOX 4160
MONTGOMERY, AL  36103

| CIVIL FEE SUMMARY | DATE | DATE | DATE | DATE | CONTINUATION | DATE | DATE | DATE | DATE |
|---|---|---|---|---|---|---|---|---|---|
| | AMT | AMT | AMT | AMT | | AMT | AMT | AMT | AMT |
| DOCKET FILING FEE | | | | | | | | | |
| SM(<)      $37.00 | | | | | OTHER SERVICES | | | | |
| SM(>)     $111.00 | | | | | COMMISSION ON SALE | | | | |
| DIST      $202.00 | | | | | JUDGEMENTS | | | | |
| CIRC      $201.00 | | | | | POST JUDGEMENT FEE | | | | |
| JU/CS     $104.00 | | | | | ATTACHMENTS | | | | |
| LAW LIBRARY TAX | 2.00 | | | | GARNISHMENTS | | | | |
| JURY DEMAND | | | | | EXECUTION | | | | |
| SERVICE FEES | | | | | APPEAL COSTS | | | | |
| EACH DEF OVER | | | | | LOWER COURT COSTS | | | | |
| | | | | | OTHER | | | | |
| CERT MAIL | | | | | COURT ADM FUND | | | | |
| SUBPOENA EACH | | | | | FAMILY COURT | | | | |
| ABND VEH    $37.00 | | | | | SHERIFF'S FEE | | | | |
| WORKERS | | | | | | | | | |
| COMP      $149.00 | | | | | TOTAL COSTS | | | | |

| CASH RECEIPTS/FROM | DATE RECEIVED | RECEIPT NUMBER | AMOUNT RECEIVED | GARNISHEE |
|---|---|---|---|---|
| *Jere Beasley* | 6-27-06 | 30576 | $410.°° | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| DISBURSEMENTS PAID TO | DATE PAID | CHECK NO | AMOUNT PAID |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

LIL   06/23/2006

*Original*

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| **TERRY DEESE** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | * **Civil Action No.:** |
| | * CV-2006-_375_ |
| | * |
| **CHAMPION ENTERPRISES, INC., et al.** | * |
| | * **TRIAL BY JURY REQUESTED** |
| | * |
| **Defendants.** | * |

### SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**     **HOMES OF LEGEND, INC.**
410 Henderson Road
Boaz, Alabama 35957

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

**C. Gibson Vance**
**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
**Post Office Box 4160**
**Montgomery, Alabama 36103-4160**

the attorney for the Plaintiffs. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED: *June 23, 2006*            *Judy Byrd*
                                              Circuit Clerk

*7160 - 3901 - 9849 - 1051 - 7791*
*( Ret'd undeliverable) 9-6-06 )*

Thank you for using Return Receipt Service

**RETURN RECEIPT REQUESTED**
**USPS MAIL CARRIER**
**DETACH ALONG PERFORATION**

2. Article Number

7140 3901 9849 1053 7771

3. Service Type  **CERTIFIED MAIL**

4. Restricted Delivery? (Extra Fee)  ☐ Yes

1. Article Addressed to:

**Homes of Legend, Inc.**
**410 Henderson Road**
**Boaz, Alabama 35957**

Deese V. Champion Enterprises
CV-06-375 Z

PS Form 3811, January 2005          Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)

B. Date of Delivery

C. Signature
X                          7/6/06

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

☐ Agent
☐ Addressee

Thank you for using Return Receipt Service

WALZ Certified Mailer™ 1-800-882-3811  www.walzpostal.com

$ 04.81

UNITED STATES POSTAGE

02 1A
0004321668
MAILED FROM ZIP CODE 361
MAR 26 2006

FIRST CLASS

RETURN RECEIPT REQUESTED

7160 3901 9849 1051 7761

**Homes of Legend, Inc.**
**410 Henderson Road**



**RETURN RECEIPT**
**REQUESTED**

nty Circuit Clerk
ice Box 6406
bama 36302-6406

*Original*

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| **TERRY DEESE** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | * **Civil Action No.:** |
| | * CV-2006-*375 2* |
| | * |
| **CHAMPION ENTERPRISES, INC., et al.** | * |
| | * **TRIAL BY JURY REQUESTED** |
| | * |
| **Defendants.** | * |

### SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**    **CHAMPION ENTERPRISES, INC.**
2701 Cambridge Court, Suite 300
Auburn Hills, MI 48326

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

**C. Gibson Vance**
**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
**Post Office Box 4160**
**Montgomery, Alabama 36103-4160**

the attorney for the Plaintiffs. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED: *June 23, 2006*                    *Judy Byrd*
                                          Circuit Clerk

*7160 - 3901 - 9849 - 1051 - 7821*

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) | B. Date of Delivery
Shelley Malireas

C. Signature
X Shelley Malireas   ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Champion Enterprises, Inc.
2701 Cambridge Court, Suite 300
Auburn Hills, MI 48326

Vese V. Champion    CV-06-373 L

3. Service Type  CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
7160 3901 9849 1051 7821

PS Form 3811, January 2005     Domestic Return Receipt

*Original*

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| **TERRY DEESE** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | * **Civil Action No.:** |
| | * **CV-2006-375-2** |
| | * |
| **CHAMPION ENTERPRISES, INC., et al.** | * |
| | * **TRIAL BY JURY REQUESTED** |
| | * |
| **Defendants.** | * |

### SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:    **CHAMPION HOME BUILDERS CO., INC.**
C/O The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

**C. Gibson Vance**
**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
**Post Office Box 4160**
**Montgomery, Alabama 36103-4160**

the attorney for the Plaintiffs. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED June 23, 2006                Judge Byrd
                                    Circuit Clerk

7160 - 3901 - 9849 - 1051 - 7807



**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)  B. Date of Delivery  6/27

C. Signature

X _____  ☐ Agent
                        ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

2. Article Number

7140 3901 9849 1052 7807

3. Service Type  **CERTIFIED MAIL**

4. Restricted Delivery? (Extra Fee)  ☐ Yes

1. Article Addressed to:

**Champion Home Builders Co., Inc.**
c/o The Corporation Company
**2000 Interstate Parkway Drive, Suite 204**
**Montgomery, Alabama 36109**

Terry Reese V. Champion

PS Form 3811, January 2005     Domestic Return Receipt     CV-06-375 F

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| **TERRY DEESE** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | * **Civil Action No.:** |
| | * **CV-2006-** _375 £_ |
| | * |
| **CHAMPION ENTERPRISES, INC.,** | * |
| **CHAMPION HOME BUILDERS CO., INC.** | * |
| **HOMES OF LEGEND, INC. AND Fictitious** | * |
| **Defendants  "A", "B", and "C",** | * |
| **whether singular or plural, are those other** | * |
| **persons, firms, corporations, or other entities** | * |
| **whose wrongful conduct caused or contributed** | * |
| **to cause the injuries and damages to the** | * |
| **Plaintiff, all of whose true and correct names** | * |
| **are unknown to Plaintiff at this time, but will** | * |
| **be substituted by amendment when ascertained,** | * |
| | * **TRIAL BY JURY REQUESTED** |
| | * |
| **Defendants.** | * |

JUN 1 9 2006

JUDY BYRD, CLERK
HOUSTON CO., AL.

## COMPLAINT
## PARTIES

1.  Plaintiff Jerry Allen is over the age of nineteen (19) and is a resident of Houston County, Alabama.

2.  Defendant Champion Enterprises, Inc. ("Champion") upon information and belief is Michigan corporation, who does business by agent in Houston County, Alabama.

3.  Defendant Champion Home Builders Company, Inc. ("Champion Home") upon information and belief is a Michigan corporation, who does business by agent in Houston County, Alabama.

4.  Defendant Homes of Legend, Inc. ("Homes of Legend") upon information and belief is a Michigan corporation, who does business by agent in Houston County, Alabama.

5.  Fictitious Defendants "A," "B," and "C," whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## BACKGROUND FACTS

6.  On or about March 30, 2000, the Director, Manufactured Housing and Standards Division, Office of Consumer and Regulatory Affairs, Room 9156, Department of Housing and Urban Development (hereinafter the "Department") published a proposed waiver to 24 CFR 3280.504 of the Manufactured Home Construction and Safety Standards on March 30, 2000 (65FR 17110).

7.  The proposed waiver was issued in response to information received from manufacturers and certain State Administrative Agencies (SAAs) in southeastern States concerning an increase in the number and severity of consumer complaints caused primarily by moisture build-up and condensation in homes located in the south. At that time, § 3280.504 of the Standards did not distinguish among climates for requirements for condensation control and installation of vapor barriers.[1]  Thus, for example, the Standards did not separately address homes placed in humid and fringe environments or climates, which are predominantly located in the southeastern part of the United States. In these climates, it was determined that it may be beneficial to prevent the outside, moisture-laden air from entering through the warm (exterior) side of the home's exterior

---

[1]  The term "vapor barrier" is now commonly referred to as a "vapor retarder". Accordingly, the term "vapor retarder" will be used in all subsequent references throughout the text of this waiver.

wall and condensing and collecting on the cold (living space or interior) side of the wall assembly. One means of preventing moisture from entering the exterior wall cavity from the outside, would be to install a vapor retarder on the warm or exterior side of the wall instead of on the interior or living space side of the exterior wall.

8. The interior surface of the exterior wall should also then need to be constructed of a permeable material. This would permit any moisture-laden air that may have entered the wall cavity through a discontinuity in the exterior vapor retarder to be dissipated through the interior permeable material. In such cases, use of vapor retarder paints, vinyl-covered gypsum wallboard, or other impermeable materials or finishes on the interior side of exterior walls could be detrimental, because they would trap moisture within the wall.

9. HUD in fact issued a waiver that applied to the first of the alternatives available under § 3280.504(b), the then current condensation control and vapor barrier installation requirements for exterior walls in humid and fringe climates. Specifically, this waiver allowed manufacturers of homes for humid and fringe climates to install the vapor retarder on the exterior side, rather than the interior or living space side, of the exterior wall, provided: (1) The exterior side of the exterior wall is constructed with a vapor retarder or exterior covering and sheathing that has a permeance not greater than 1.0 perm; and (2) the interior finish and interior wall panels are designed with a 5 perm or higher rating. The waiver also required manufacturers to add a statement and a map to the data plate indicating that the home is only suitable for installation in humid and fringe climates (the map designated the acceptable locations for which the waiver is applicable).

3

10. The waiver that was urged by many manufacturers in the industry and approved by HUD stated: **§ 3280.504 Condensation control and installation of vapor retarders:** (4) Homes manufactured to be sited in "humid climates" or "fringe climates" as shown on the Humid and Fringe Climate Map in this paragraph shall be permitted to have a vapor retarder specified in paragraph (b)(1) of this section installed on the exterior side of the wall insulation or be constructed with an external covering and sheathing with a combined permeance of not greater than 1.0 perm, provided the interior finish and interior wall panel materials have a combined permeance of not less than 5.0 perm.

11. The Humid and Fringe Climate Map stated that "following areas of local governments (counties or similar areas, unless otherwise specified), listed by State are deemed to be within the humid and fringe climate areas shown on the Humid and Fringe Climate Map in paragraph (b)(4) of this section, and the vapor retarder specified in paragraph (b)(4) of this section may be applied to homes built to be sited within these jurisdictions":

> **Alabama**    - Baldwin, Barbour, Bullock, Bulter, Chootaw, Clarke, Cofee, Conecuh, Covington, Crenshaw, Dale, Escambia, Geneva, Henry, Houston, Lowndes, Marengo, Mobile, Monroe, Montgomery, Pike, Washington, Wilcox.
> **Florida -** All counties and locations within the State of Florida.
> **Georgia -** Appling, Atkinson, Bacon, Baker, Ben Hill, Berrien, Brantley, Brooks, Bryan, Calhoun, Camden, Charlton, Chatham, Clay, Clinch, Coffee, Colquitt, Cook, Crisp, Decatur, Dougherty, Early, Echols, Effingham, Evans, Glynn, Wayne, Grady, Irwin, Jeff Davis, Lanier, Lee, Liberty, Long, Lowndes, McIntosh, Miller, Mitchell, Pierce, Quitman, Randolph, Seminole, Tattnall, Terrell, Thomas, Tift, Turner, Ware, Worth.
> **Louisiana**
> All counties and locations within the State of Louisiana.
> **Mississippi**
> Adams, Amite, Clairbourne, Clarke, Copiah, Covington, Forrest, Franklin, George, Greene, Hancock, Harrison, Hinds, Issaquena, Jackson, Jasper, Jefferson, Jefferson Davis, Jones, Lamar, Lawrence, Lincoln, Pearl River, Perry, Pike, Rankin, Simpson, Smith, Stone, Walthall, Warren, Wayne, Wilkinson.
> **North Carolina**

Brunswick, Carteret, Columbus, New Hanover, Onslow, Pender.
**South Carolina**
Jasper, Beaufort, Colleton, Dorchester, Charleston, Berkeley, Georgetown, Horry.
**Texas** Anderson, Angelina, Aransas, Atacosa, Austin, Bastrop, Bee, Bexar,
Brazoria, Brazos, Brooks, Burleson, Caldwell, Calhoun, Cameron, Camp, Cass,
Chambers, Cherokee, Colorado, Comal, De Witt, Dimmit, Duval, Falls, Fayette,
Fort Bend, Franklin, Freestone, Frio, Gavelston, Goliad, Gonzales, Gregg,
Grimes, Guadalupe, Hardin, Harris, Harrison, Hays, Henderson, Hidalgo,
Hopkins, Houston, Jackson, Jasper, Jefferson, Jim Hogg, Jim Wells, Karnes,
Kaufman, Kennedy, Kinney, Kleberg, La Salle, Lavaca, Lee, Leon, Liberty,
Limestone, Live Oak, Madison, Marion, Matagorda, Maverick, McMullen,
Medina, Milam, Montgomery, Morris, Nacogdoches, Navarro, Newton, Nueces,
Orange, Panola, Polk, Rains, Refugion, Robertson, Rusk, Sabine, San Augustine,
San Jacinto, San Patricio, Shelby, Smith, Starr, Titus, Travis, Trinity, Tyler,
Upshur, Uvalde, Val Verde, Van Zandt, Victoria, Walker, Waller, Washington,
Webb, Wharton, Willacy, Williamson, Wilson, Wood, Zapata, Zavala.

These respective Counties shall hereinafter be referred to as the "Gulf Coast Region."

12. As the acting Director of Product Engineering for Fleetwood Homes stated in

commenting to HUD on the proposed waiver:

> [t]o be able to put the vapor barrier on the exterior side (warm side) of the wall in
> hot, humid climates is very necessary to properly handle potential moisture
> problems... [w]ithout these exceptions the vapor barrier will remain on the inside
> in the hot, humid climate and moisture will be trapped in the home."

(Comments by William Farish, P.E. in a letter dated January 17, 2005, to the Department

of Housing and Urban Development).

13. The manufactured homes designed and manufactured by Defendants,

including the manufactured home purchased by Plaintiff, have an improper design and

construction of exterior walls in violation of HUD Manufactured Home Construction and

Safety Standards as stated above. The defect existed at the time of sale and Plaintiff was

provided with a written manufacturer warranty that expressly warranted that the home

was free from defect.

14.    Defendants have known of the defect in the design and manufacturer of

homes sold in the respective State and Counties indicated above since at least the mid

5

1990's and actually lobbied HUD to allow a waiver of the HUD Code because of it in the late 1990's. Despite lobbying for the waiver and actually obtaining it in 2001, Defendants failed to take advantage of the waiver HUD agreed was required. Defendants disingenuously allege that it is impracticable to comply with the waiver. Regardless, Defendants chose to sell homes to consumers in the "Gulf Coast" region without informing them of this known defect and thus chose profit over conscience.

15.    Because of the design defect, moisture condensation will become trapped within the walls and result in "sweating walls" - a condition wherein water will begin to seep out of openings that may exist in the wall like the screw holes for a smoke detector or nail holes for a picture hanger. The defect results in "soft walls" throughout the home because the moisture problems associated with this design defect literally make it possible to poke a finger through the gypsum wallboard a/k/a sheetrock in the home. Black mold and various other types of fungal growth will appear as a result of this defect. The home is rendered worthless. Because this phenomenon occurs in the Gulf Coast Region, this condition is known to some within the industry as "Gulf Coast Syndrome."

16.    Any and all complaints to Defendants have resulted in inadequate relief and despite a reasonable opportunity and repeated complaints by countless individuals, Defendants merely at most offer to replace the gypsum wallboard on occasion. This does not remedy the cause of the problem as the new gypsum wallboard will deteriorate in the same manner as the replaced gypsum wallboard did. Defendants never inform the consumer of the known defect and fail to offer a full refund of the purchase price.

17.     Defendant Champion is the parent corporation and/or alter ego of Defendant Champion Home Builders, Co and Homes of Legend, Inc.  Defendants manufactured a manufactured home, which the Plaintiff purchased in November of 2003.

18.     As part of the purchase price, Defendants made a written express warranty to the Plaintiff.  Defendants further warranted that any defects in the materials or workmanship in the home, which they were given notice of within the warranty period, would be repaired or remedied at no cost to the Plaintiff.

19.     The manufactured home manufactured by Defendants failed to perform, failed to serve as a suitable place of residence, and failed in its intended purpose.

20.     Subsequent to the failure of the manufactured home and notice by the Plaintiff to Defendants of such failure, Defendants have failed to effectuate all repairs to the manufactured home.  As such, the manufactured home continues to deteriorate structurally.

21.     Defendants have failed to honor the warranty or repair in that the manufactured home purchased was not fit for its intended use, was not merchantable at the date of the purchase and has continued to not be fit for its particular purpose, not withstanding efforts to repair the structure by Defendants.

22.     Pursuant to Code of Alabama, 1975 § 7-2-607(3), Plaintiff have given the Defendants notice of Plaintiff' breach of warranty claim prior to bringing this suit.

**COUNT ONE**
**MAGNUSON MOSS WARRANTY ACT**
**15 U.S.C. § 2301, et seq.**

23.    Plaintiff incorporate by reference all of the preceding paragraphs.

24.    At the time of the manufacture, Defendants were merchants, Defendants expressly and/or impliedly warranted that the manufactured home would be merchantable and/or fit for the ordinary purposes for which it was to be used and did expressly warrant that the manufactured home was expressly fit, designed, and built as directed by Plaintiff, and that the manufactured home was free from defects in materials and workmanship or any defects would be repaired or replaced under the warranty.

25.    The manufactured home, as delivered, was not free from defects in materials or workmanship.

26.    Defendants have failed or refused to correct the defects in the manufactured home and/or the warranty has failed in its essential purpose causing Plaintiff to suffer injury and damages.

27.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff have been proximately damaged as follows: the defects in the manufactured home have substantially and severely impaired its use; the home is of decreased or lesser value than represented when purchased; Plaintiff have suffered mental anguish and emotional distress, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, annoyance, inconvenience; Plaintiff will be caused to expend money in attempts to have the respective manufactured home repaired; and Plaintiff have been subject to mold resulting from the defects.

8

WHEREFORE, Plaintiff demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, and their costs, as well as reasonable attorney fees as allowed under 15 U.S.C. § 2301, et seq.

## COUNT TWO
## BREACH OF EXPRESS WARRANTY

28.    Plaintiff incorporate by reference all of the preceding paragraphs.

29.    Defendants expressly warranted that the manufactured home would be merchantable and/or fit for the ordinary purposes for which it was to be used and did expressly warrant that the manufactured home was expressly fit, designed, and built as directed by Plaintiff, and that the manufactured home was free from defects in materials and workmanship or any defects would be repaired or replaced under the warranty.

30.    The manufactured home, as delivered, was not free from defects in materials or workmanship.

31.    Defendants have failed or refused to correct the defects in the manufactured home and/or the warranty has failed in its essential purpose causing Plaintiff to suffer injury and damages.

32.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff have been proximately damaged as set forth in Paragraph 27.

WHEREFORE, Plaintiff demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, and their costs.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

33.    Plaintiff incorporate by reference all of the preceding paragraphs.

34.    Defendants breached the implied warranty in that the manufactured home was not merchantable, was not fit for ordinary purposes, and was not built as represented or ordered.

35.    Plaintiff provided notice to Defendants for the breach of implied warranty and has given Defendants opportunity to cure or attempt to cure the numerous defects, but Defendants have failed or refused to do so.

36.    As a direct result of the breach of implied warranty or merchantability by Defendants, Plaintiff were damaged as set forth in Paragraph 27.

WHEREFORE, Plaintiff demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, and their costs, as well as reasonable attorney fees.

### COUNT FOUR
### BREACH OF FITNESS FOR PARTICULAR PURPOSE

37.    Plaintiff incorporate by reference all of the preceding paragraphs.

38.    Defendants breached the implied warranty in that the manufactured home was not merchantable, was not fit for ordinary purposes, and was not built as represented or ordered.

39.    Plaintiff provided notice to Defendants for the breach of fitness for particular purpose and has given Defendants opportunity to cure or attempt to cure the numerous defects, but Defendants have failed or refused to do so.

40.    As a direct result of the breach of fitness for particular purpose by Defendants, Plaintiff was damaged as set forth in Paragraph 27.

WHEREFORE, Plaintiff demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, and their costs, as well as reasonable attorney fees.

## COUNT FIVE
## BREACH OF WARRANTY OF HABITABILITY

41.    Plaintiff incorporate by reference all of the preceding paragraphs.

42.    Defendants breached the implied warranty in that the manufactured home was not merchantable, was not fit for ordinary purposes, and was not built as represented or ordered.

43.    Plaintiff provided notice to Defendants for the breach of warranty of habitability and have given Defendants opportunity to cure or attempt to cure the numerous defects, but Defendants have failed or refused to do so.

44.    As a direct result of the breach of warranty of habitability by Defendants, Plaintiff were damaged as set forth in Paragraph 27.

WHEREFORE, Plaintiff demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, and their costs, as well as reasonable attorney fees.

## COUNT SIX
## NEGLIGENCE

45.    Plaintiff incorporate by reference all of the preceding paragraphs.

46.    Defendants negligently manufactured, designed, built, and/or assembled the manufactured home which the Plaintiff purchased from Defendants.

47.    Defendants owed a duty to use due and ordinary care in the manufacture, design, building, and/or assembly of the manufactured home purchased by the Plaintiff.

11

48.    The Defendants breached the duty owed to the Plaintiff by failing to use ordinary and due care in the manufacture, design, building, and/or assembly of the manufactured home which was purchased by the Plaintiff.

49.    As a direct and proximate result of the Defendants' negligence, Plaintiff were damaged as set forth in Paragraph 27.

WHEREFORE, Plaintiff demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, and their costs, as well as reasonable attorney fees.

## COUNT SEVEN
## WANTON

50.    Plaintiff incorporate by reference all of the preceding paragraphs.

51.    Plaintiff allege Defendants are guilty of wanton construction of the manufactured home.

52.    The workmanship and design are inferior, wantonly performed or done, leaving the manufactured home in a defective condition, thereby causing injury to the Plaintiff.

53.    As a direct and proximate result of the Defendants' wantonness, Plaintiff were damaged as set forth in Paragraph 27.

WHEREFORE, Plaintiff demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, a separate amount as punitive damages, and their costs, as well as reasonable attorney fees.

## COUNT EIGHT
## UNJUST ENRICHMENT

54.    Plaintiff incorporate by reference all of the proceeding paragraphs.

55.    Defendants, by its acts and omissions described herein, has wrongfully appropriated, retained or otherwise possessed funds that rightfully in justice and equity belong to Plaintiff. Defendants have earned enormous profits from this deceptive act.

56.    Defendants should be required to disgorge all sums (e.g. the money earned from this practice) received from Plaintiff as a result of the illegal and improper manner in which they placed for use by consumers a product (the Plaintiff' home) into a region in which they knew the home would become worthless. Plaintiff is also entitled to pre-judgment interest.

## COUNT NINE
## FRAUDULENT CONCEALMENT

57.    Plaintiff incorporate by reference all of the preceding paragraphs.

58.    Defendants failed to disclose the known defect (as set forth in the Background Facts) of the manufactured home to Plaintiff in connection with the purchasing of the manufactured home.

59.    The fraudulent concealment and omissions by Defendants were known and deliberate and were purposely designed to deceive Plaintiff.

60.    The concealment and omissions by Defendants were material in that Plaintiff would not have purchased the manufactured home absent the concealment and omissions of material facts by Defendants. Plaintiff reasonably believed that Defendants had accurately and adequately disclosed all material facts.

61.    As a direct and proximate result of Defendants' fraudulent concealment and omissions, Plaintiff was damaged as set forth in Paragraph 27.

62.    Defendants fraudulent conduct was willful, wanton, and malicious, thereby entitling Plaintiff to recover an amount to be determined at the trial of this action.

WHEREFORE, Plaintiff demand judgment against the Defendants in such an amount of compensatory damages as deemed appropriate, a separate amount as punitive damages, and cost, as well as reasonable attorney fees.

## COUNT TEN
## ALABAMA EXTENDED MANUFACTURERS LIABILITY DOCTRINE

63.    Plaintiff incorporate by reference all of the preceding paragraphs.

64.    Defendants manufactured the manufactured home and placed it in the stream of commerce where Plaintiff ultimately purchased the manufactured home in November of 2003.

65.    The manufactured home reached the Plaintiff as the ultimate users or consumers without any substantial change in its condition from the time it was manufactured by Defendants.

66.    Plaintiff used the manufactured home for its intended purpose, as a residence.

67.    The manufactured home, when it reached the Plaintiff, was in a defective condition and/or in a condition that was unreasonably dangerous to the Plaintiff as the ultimate users or consumers.

68.    As a direct and proximate result of Defendants placing a defective and/or unreasonably dangerous manufactured home in the stream of commerce, Plaintiff were damaged as set forth in Paragraph 27.

WHEREFORE, Plaintiff demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, a separate amount as punitive damages, and their costs, as well as reasonable attorney fees.

Dated: _16th_ day of _____, 2006.

14

_C. 3V_

JERE L. BEASLEY (BEA020)
W. DANIEL MILES, III (MIL060)
C. GIBSON VANCE (VAN025)
Attorneys for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343
(334) 954-7555 (fax)

## JURY DEMAND

PLAINTIFF HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_C. 3υ_____

OF COUNSEL

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93    1/94 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>`C` `V` `06` `375-7`<br>Date of Filing:   Judge Code:<br>`06` `19` `06`<br>Month  Day  Year |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF** <u>HOUSTON</u> **COUNTY**

**PLAINTIFF** <u>Terry Deese</u>  **v. DEFENDANT** <u>Champion Enterprises, et al.</u>

**First Plaintiff**
- ☐ Business
- ☒ Individual
- ☐ Government
- ☐ Other

**First Defendant**
- ☒ Business
- ☐ Individual
- ☐ Government
- ☐ Other

**NATURE OF SUIT:** In the column of boxes preceding the categories listed below, number the boxes (in order of priority; one = highest priority) that best describes or categorizes the basis or theory of your suit. You may number up to five case types.

**TORTS: PERSONAL INJURY**
- ☐ WDEA – Wrongful Death
- ☒ TONG – Negligence: General
- ☐ TOMV – Negligence: Motor Vehicle
- ☒ TOWA – Wantonness
- ☒ TOPL – Product Liability/AEMLD
- ☐ TOMM – Malpractice - Medical
- ☐ TOLM – Malpractice - Legal
- ☐ TOOM – Malpractice - Other
- ☐ TOXX – Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE – Personal Property
- ☐ TORE – Real Property

- ☐ RPRO – Real Property
- ☐ ACCT – Account & Non-Mortgage
- ☐ COXX – Contract: All other
- ☐ CVRT – Civil Rights
- ☐ WTEG – Wills/Trusts/Estates/Guardianships
- ☐ EQND – Non-Damage Actions (Declaratory Judgment, Injunction)
- ☐ MSHC – Habeas Corpus/Extraordinary Writ
- ☐ ADPA – Admin. Procedure Act
- ☐ FELA – Railroad/Seaman (FELA)
- ☐ COMP – Workmen's Compensation
- ☐ COND – Condemnation (Fruits of Crime, Rt of Way, Aband. Vehicle)
- ☒ CVXX – Other: Breach of Warranty

**ORIGIN** (check one):
- F ☒ INITIAL FILING
- R ☐ REMANDED
- A ☐ APPEAL FROM DISTRICT COURT
- T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT
- O ☐ OTHER: _____

**HAS JURY TRIAL BEEN DEMANDED?** ☒ YES  ☐ NO

Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, ARCP, for procedure)

**RELIEF REQUESTED:**
- $ _____ Compensatory
- $ _____ Punitive
- $ _____ General
- ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
`V` `A` `N` `0` `2` `5`   <u>6/16/2006</u>
Date

Signature of Attorney/Party filing this form

## DISPOSITION DATA *(TO BE COMPLETED BY THE COURT)*

**DISPOSITION DATE:**
Month Day Year

**ADMINISTRATIVE DOCKET:**
Month Day Year

**TRIAL BEGUN NO VERDICT:**
Month Day Year

**JUDGE TAKING FINAL ACTION:**
Judge Code

**JUDGMENT FOR PLAINTIFF**
Type:
- F ☐ Default
- A ☐ Consent
- M ☐ Summary
- N ☐ Bench Trial
- J ☐ Jury Trial
- O ☐ Other: _____

Amount:
- $ _____ Compensatory
- $ _____ Punitive
- $ _____ General
- ☐ NO MONETARY AWARD

**JUDGMENT FOR DEFENDANT**
Type:
- F ☐ Default
- A ☐ Consent
- M ☐ Summary
- N ☐ Bench Trial
- J ☐ Jury Trial
- O ☐ Other: _____

Amount:
- $ _____ Compensatory
- $ _____ Punitive
- $ _____ General
- ☐ NO MONETARY AWARD

**DISMISSALS**
- R ☐ Dismissed With Prejudice
- P ☐ Dismissed Without
- ☐ Prejudice
- T ☐ Transferred to Other Circuit/Venue
- ☐ Other: _____

**TRIAL BEGAN**
Month Day Year

**TRIAL ENDED**
Month Day Year

**Number of Trial Days:** _____



**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TERRY DEESE,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | **Case Number:** *1:06cv643·MHT* |
| | * | |
| **CHAMPION ENTERPRISES, INC.,** *et al.,* | * | |
| | * | |
| **Defendants.** | * | |

### CONSENT TO REMOVAL-CHAMPION ENTERPRISES, INC.

**COMES NOW** defendant Champion Enterprises, Inc., by and through counsel, without

waiving jurisdiction, and pursuant to 28 U.S.C.A. § 1441 hereby consents to the removal of this

civil action to the United States District Court for the Middle District of Alabama, Southern

Division with a full reservation of all rights, claims, demands, defenses, and objections, which

include but are not limited to any and all rights of and to arbitration, any and all defenses set

forth in Rule 12 of the Federal Rules of Civil Procedure, any and all affirmative defenses,

including, but not limited to lack of personal jurisdiction, improper venue, failure to state a claim

upon which relief can be granted, etc., together with any and all other rights, claims, demands,

defenses, and objections.

Done this the _19th_ day of _July_ 2006.

Respectfully submitted,

**RITCHEY & RITCHEY, P.A.**

Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Champion Enterprises, Inc.

**OF COUNSEL:**
**RITCHEY & RITCHEY, P.A.**
P.O. Drawer 590069
Birmingham, Alabama  35259-0069
Direct Dial:    205.271.3105
Facsimile:     205.271.3111

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a copy of the foregoing has been served upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103

by placing a copy of same in the United States Mail, postage prepaid, on this the ___19th___ day of ___July___, 2006.

OF COUNSEL

2



EXHIBIT

_C_

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

TERRY DEESE,                          *
                                      *
    Plaintiff,              *
                                      *
v.                                    *        Case Number: _1 : 06 cv 643 · MHT_
                                      *
CHAMPION ENTERPRISES, INC., *et al.*, *
                                      *
    Defendants.             *

### CONSENT TO REMOVAL-HOMES OF LEGEND, INC.

**COMES NOW** defendant Homes of Legend, Inc. now known as Champion Homes of

Boaz, Inc., by and through counsel, without waiving jurisdiction or service, and pursuant to 28

U.S.C.A. § 1441 hereby consents to the removal of this civil action to the United States District

Court for the Middle District of Alabama, Southern Division with a full reservation of all rights,

claims, demands, defenses, and objections, which include but are not limited to any and all rights

of and to arbitration, any and all defenses set forth in Rule 12 of the Federal Rules of Civil

Procedure, any and all affirmative defenses, including, but not limited to lack of personal

jurisdiction, improper venue, failure to state a claim upon which relief can be granted, etc.,

together with any and all other rights, claims, demands, defenses, and objections.

Done this the _19 th_ day of _July_ 2006.

Respectfully submitted,

**RITCHEY & RITCHEY, P.A.**

Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Homes of Legend, Inc. now
known as Champion Homes of Boaz, Inc.

**OF COUNSEL:**
**RITCHEY & RITCHEY, P.A.**
P.O. Drawer 590069
Birmingham, Alabama  35259-0069
Direct Dial:     205.271.3105
Facsimile:      205.271.3111

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a copy of the foregoing has been served upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103

by placing a copy of same in the United States Mail, postage prepaid, on this the ___19th___ day of _____July_____, 2006.

OF COUNSEL

2



IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**TERRY DEESE,**

     **Plaintiff,**

**v.**                          **Case Number:** *1:06cv643·MHT*

**CHAMPION ENTERPRISES, INC.,** *et al.,*

     **Defendants.**

| | | |
|---|---|---|
| **STATE OF GEORGIA** | * | **A F F I D A V I T** |
| | * | |
| **TIFT COUNTY** | * | |

Before me the undersigned authority, in and for said state and county, personally appeared, Parker Holloway, who being by me first duly sworn, under oath, deposes and says:

1.    My name is Parker Holloway and I am over the age of 19 years. I am the Field Operations Manager for Champion Homes of Boaz, Inc. f/k/a Homes of Legend, Inc. and Chandeleur Homes, Inc., Redman Homes, Inc., Grand Manor, Inc., and to a limited extent, Champion Home Builders Co. and I have personal knowledge of the facts set forth in this Affidavit. I make this Affidavit and appear specifically for the purpose of supporting the motion filed in the above-styled action and without waiving jurisdiction.

2.    Champion Homes of Boaz, Inc. f/k/a Homes of Legend, Inc. and Chandeleur Homes, Inc. is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Auburn Hills, Michigan. Decisions relating to the current business operations of Champion Homes of Boaz, Inc. f/k/a Homes of Legend, Inc. and Chandeleur Homes, Inc. are made in Auburn Hills, Michigan.

3.    Champion Home Builders Co. is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Auburn Hills, Michigan. Champion Home Builders Co. operates plants throughout the United States, including Tennessee, Nebraska, Colorado, New York, Alabama, Pennsylvania, California, Idaho and North Carolina.

4.    This affidavit is true and correct to the best of my knowledge, information and belief.

Champion Homes of Boaz, Inc. f/k/a Homes of Legend, Inc. and Chandeleur Homes, Inc., Redman Homes, Inc., Grand Manor Homes of Thomasville, Inc., and Champion Home Builders Co.

By: _____

Its Field Operations Manager

**STATE OF GEORGIA**    *

                      *          **A C K N O W L E D G E M E N T**

**TIFT COUNTY**          *

I, the undersigned, a Notary Public in and for said County and State, hereby certify that Parker Holloway, as Field Operations Manager of Champion Homes of Boaz, Inc. f/k/a Homes of Legend, Inc. and Chandeleur Homes, Inc., Redman Homes, Inc., Grand Manor Homes of Thomasville, Inc., and Champion Home Builders Co., whose name is signed to the foregoing Affidavit, and who is known to me, acknowledged before me on this date that, being informed of the contents of the instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and official seal this 16 day of _____,

200 6 .

_____

Notary Public

My Commission Expires: **BRENDA S. DANIEL**
**Notary Public, Tift County, Georgia**
**My Commission Expires Jan. 13, 2008**



EXHIBIT

E

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TERRY DEESE,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case Number:** $/:06 cv 643 \cdot MHT$ |
| | * | |
| **CHAMPION ENTERPRISES, INC.,** *et al.,* | * | |
| | * | |
| **Defendants.** | * | |

| | | |
|---|---|---|
| **STATE OF MICHIGAN** | * | |
| | * | **A F F I D A V I T** |
| **OAKLAND COUNTY** | * | |

Before me the undersigned authority, in and for said state and county, personally appeared, David N. Goltz, who being by me first duly sworn, under oath, deposes and says:

1.      My name is David N. Goltz and I am over the age of 19 years.  I am employed as Associate General Counsel of Champion Enterprises, Inc. (hereinafter referred to as "CEI") and I have personal knowledge of the facts set forth in this Affidavit.  I make this Affidavit and appear specifically for the purpose of supporting the motion filed in the above styled action and without waiving jurisdiction.  I do hereby certify that as Associate General Counsel of CEI, I have access to its files and records relating to corporate structure, business operations and wholly owned subsidiaries.  I have carefully examined said files and the documents contained therein.  Said files and the documents contained therein are kept in the ordinary course of CEI's business, prepared by a person with knowledge of or made from information transmitted by a person with knowledge of the acts and events appearing in them, and made at or near the time of the acts and events appearing in them.

1

2.     CEI is a Michigan corporation with its corporate headquarters and principal place of business in Auburn Hills, Michigan.  Decisions relating to the business operations of CEI are made in Auburn Hills, Michigan.

3.     CEI itself does not conduct or transact business in the state of Alabama.  CEI is not registered or licensed to do business in Alabama.  CEI has no employees or offices in Alabama.  CEI has never maintained an office in Houston County, Alabama.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed this _13th_ day of _JULY_, 2006 in Auburn Hills, Michigan.

CHAMPION ENTERPRISES, INC.

By: _____

Its Associate General Counsel

Sworn and subscribed before me this _13th_ day of _July_,

200 _6_.

Notary Public

My Commission Expires: _1-19-11_

Debbie Doetsch
Notary Public of Michigan
Macomb County
Acting in Oakland County
Expires 01/19/2011