IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY DEESE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number: 1:06-cv-643 MHT |
| | * | |
| CHAMPION ENTERPRISES, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

**MOTION TO STRIKE JURY DEMAND AS TO ALTER EGO CLAIMS
AND
TO STAY ALTER EGO CLAIMS**

**COME NOW**, the defendants, without waiving jurisdiction or the right to compel arbitration, by and through counsel of record, and move this Honorable Court to strike the jury demand in the plaintiffs' Complaint as to the alter ego claims against Champion Home Builders Co. (hereinafter referred to as "CHB") and Champion Enterprises, Inc. (hereinafter referred to as "Champion") and stay such claims and in support thereof states as follows:

1.  Terry Deese (hereinafter referred to as "Plaintiff") brought the current action against CHB, Champion and Homes of Legend, Inc. now known as Champion Homes of Boaz, Inc. (hereinafter referred to as "Legend") relating to the purchase of a manufactured home which was manufactured by Legend. (Complaint).

2.  Legend is a wholly owned subsidiary of CHB and CHB is a wholly owned subsidiary of Champion. (See Motion to Dismiss or in the alternative, Motion for Summary Judgment (Doc. 5), Ex. A, ¶ 2). CHB and Champion were made defendants in this action based on nothing more than the allegation that "Champion is the parent corporation and/or alter ego of Defendant Champion Home Builders, Co. and Homes of Legend, Inc." (Complaint, ¶ 17). In

1

other words, Plaintiff seeks to "pierce the corporate veil" and hold CHB and Champion responsible for the alleged actions or omissions of its subsidiary corporation, which would only be an issue in the event a judgment is entered against the subsidiary and after all appeals are exhausted, the subsidiary does not satisfy the judgment.[1]

3.  "The doctrine of [']piercing the corporate veil['] is equitable in nature." *Ex parte Thorn*, 788 So.2d 140, 143 (Ala.2000); citing 1 William Meade Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 41.25 (perm. ed. rev.vol.1999); accord *Lyons v. Lyons*, 340 So.2d 450, 451 (Ala.Civ.App.1976) ("A court of equity looks through form to substance and has often disregarded the corporate form when it was fiction in fact and deed and was merely serving the personal use and convenience of the owner."). A claim to pierce the corporate veil on an alter ego theory is an equitable claim and provides no right to a trial by jury. *W & H Mach. & Tool Co. v. National Distillers & Chem. Corp.*, 283 So.2d 173 (Ala.1973).[2]

4.  In *Ex parte Thorn*, the Supreme Court of Alabama directed that the "legal issues first must be tried to a jury, and then the equitable issues must be tried to the court" and directed

---

1 In Alabama, in order to pierce the corporate veil "[t]here must be the added elements of misuse of control and harm or loss resulting from it." *South Alabama Pigs, LLC, v. Farmer Feeders, Inc.*, 305 F.Supp.2d 1252,1258 (M.D.Ala. 2004); citing *Backus v. Watson*, 619 So.2d 1342, 1345 (Ala.1993); *see also Messick v. Moring*, 514 So.2d 892, 894-895 (Ala.1987). "[']Piercing the corporate veil['] to hold an individual corporate shareholder liable is a power that should not be exercised lightly by the courts." *Peacock v. Merrill*, 2005 WL 2233466 *4, (S.D.Ala. September 14, 2005); *citing Shelton v. Clements*, 834 So.2d 775, 781 (Ala.Civ.App.2002). It is respectfully submitted that if there is a defense verdict or if the subsidiary pays any resulting judgment, there cannot be any showing of a "harm or loss" suffered.

2 In *Ex parte Thorn*, the Supreme Court of Alabama noted that "*National Distillers* was decided before the July 3, 1973, effective date [footnote omitted] of the Alabama Rules of Civil Procedure, [footnote omitted] which merged legal and equitable actions into one [']civil action.['] Rule 2, Ala.R.Civ.P. Although the Rules [']supply one uniform procedure by which a litigant may present his claim in an orderly manner to a court empowered to give him whatever relief is appropriate and just,['] [footnote omitted] they leave intact one procedural difference between equity and law--the right to a jury trial." *Ex parte Thorn*, 788 So.2d at 143.

the court to separate the equitable issues for purposes of trial. *Ex parte Thorn,* 788 So.2d at 145-146; see also Rule 42[3] of the *Alabama Rules of Civil Procedure*, Comments on 1973 Adoption ("[T]he merger of law and equity, and consequent possibility of intermingling of issues to be tried by the jury with issues to be tried by the court, necessitates a rule such as this one which will permit the court to shape the order of trial."). In reaching the above decision, the Supreme Court of Alabama found as follows:

> [T]he piercing-the-corporate-veil doctrine is an equitable doctrine. See *National Distillers,* supra. However, that doctrine is not a claim; "[i]t merely furnishes a means for a complainant to reach a second corporation or individual upon a cause of action that otherwise would have existed only against the first corporation." 1 William Meade Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 41.10 (perm. ed. rev.vol.1999). Therefore, to the extent that Bethel's claims raise equitable issues, the trial court must dispose of those issues without a jury, and to the extent Bethel's underlying claims of promissory fraud, fraudulent misrepresentation, and fraudulent suppression sound in law, those claims must be decided by a jury. In addition, those factual questions that are purely legal in nature, as well as those common to the legal and equitable issues, must first be decided by the jury. *Dairy Queen, Inc.,* [ *v. Wood,* 369 U.S. 469, 479, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962)][4].

*Ex parte Thorn,* 788 So.2d at 145-146.

5.      A trial judge when faced with both legal and equitable claims must arrange the order of trial so that the decision on the equitable issues does not operate to deny a trial by jury

---

    3  Federal Rule of Civil Procedure Rule 42(b) is substantially the same as the state rule and provides as follows:
> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

    4  Holding that because the factual issues relating to the petitioner's breach of contract claim "[were] common with those upon which [the] respondents' claim to equitable relief [was] based, the legal claims involved in the action [had to] be determined prior to any final court determination of respondents' equitable claims"); see also 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2302.1, at 29 (2d ed.1995).

3

of the legal issues. *See Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510-511, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *see also Ex parte Thorn,* 788 So.2d at 145. In order to preserve a trial by jury of the legal issues, such issues must be presented, along with any factual issues common to legal and equitable issues, to a jury before the court decides the equitable issues without a jury. *See Ex parte Thorn,* 788 So.2d at 145; *see also Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 479, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) (because the factual issues relating to the legal issues were common to the factual issues relating to the equitable issues, the legal issues had to be determined by the jury before any final court determination of equitable issues); *see also Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) (questions of fact common to the legal and equitable claims must be determined first by the jury because a prior finding by the Court would deprive a litigant to the right to a trial by jury).

6. Based on the foregoing, it is respectfully submitted that the alter ego claims are due to be decided by the court following the trial of the underlying legal issues in this case and that this Honorable Court should strike the jury demand as to the alter ego claims.

7. In the interest of judicial economy, the equitable alter ego issues should also be stayed (including motions related thereto) until after the trial of the legal issues and be revisited at the conclusion of litigation if the plaintiffs prevail and if after the exhaustion of all appeals, the subsidiary does not satisfy any resulting judgment. Stated differently, if no judgment is entered against the subsidiary or if a judgment is entered against the subsidiary and paid, there would be no reason to pursue the alter ego theories. Without a stay, a tremendous amount of time and money, inside and outside of court, will be spent on an issue that ultimately, may be moot.

8. Such a stay of plaintiff's equitable claims will not prejudice plaintiff as an action claiming alter ego liability for the torts of a corporation is in the nature of a creditor's bill to

enforce a judgment and governed by the 20-year statute of limitations set out in *Code of Alabama 1975*, §6-2-32. *Backus v. Watson,* 619 So.2d 1342, 1343 (Ala.1993).

**WHEREFORE PREMISES CONSIDERED**, defendants pray that this Honorable Court will strike the jury demand as to the alter ego claims raised in the Complaint and that such claims be stayed, and if appropriate, motions related thereto, until after the trial of the legal issues; if necessary, such claims may be revisited at the conclusion of litigation if the plaintiff prevails and if, after the exhaustion of all appeals, the subsidiary does not satisfy any resulting judgment. Defendants pray for such other or different relief as is just.

Respectfully submitted,

**RITCHEY & RITCHEY, P.A.**

_____
Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Homes of Legend, Inc. now known as Champion Homes of Boaz, Inc., Champion Home Builders, Co. and Champion Enterprises, Inc.

OF COUNSEL:
**RITCHEY & RITCHEY, P.A.**
P.O. Drawer 590069
Birmingham, AL 35259-0069
Phone:      205.271.3100
Facsimile   205.271.3111

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a copy of the foregoing has been served upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36103

by placing a copy of same in the United States Mail, postage prepaid, on this the 7th day of September, 2006.

_____
OF COUNSEL

6