IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRY DEESE, | * |
| Plaintiff, | * |
| v. | *   1:06-cv-643-MHT |
| CHAMPION ENTERPRISES, INC., *et al.*, | * |
| Defendants. | * |

### PLAINTFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE JURY DEMAND AS TO ALTER EGO CLAIMS AND TO STAY ALTER EGO CLAIMS

COMES NOW, the Plaintiff, by and through his undersigned counsel of record, and hereby responds to Defendants' Motion to Strike Jury Demand as to Alter Ego Claims and to Stay Alter Ego Claims, and states the following:

1.  On June 19, 2006, Plaintiff filed his complaint against Defendants in Houston County Circuit Court.

2.  On July 20, 2006, the Defendants removed this matter to this Honorable Court.

3.  On September 7, 2006, the Defendants filed their Motion to Strike Jury Demand as to Alter Ego Claims and to Stay Alter Ego Claims. Initially, it is of paramount importance to note the Plaintiff has alleged in his complaint allegations directly against both Defendants. More specifically, the Plaintiff has alleged, throughout his complaint, that Champion Enterprises, Inc. is liable directly for each and every cause of action.

4. In Defendants' Motion to Strike Jury Demand as to Alter Ego Claims and to Stay Alter Ego Claims, the Defendants assert that Champion Enterprises, Inc., "was made a Defendant in this action based on nothing more than the allegation that Champion Enterprises, Inc. is the parent corporation and/or alter ego of Defendant Champion Home Builders Co., Inc." This is a gross mischaracterization of the plain language in Plaintiff's complaint.

5. Plaintiff's complaint makes it abundantly clear the allegations alleged in his complaint are directly aimed at both, Champion Enterprises, Inc., and Champion Home Builders Co., Inc.

6. A glaring example of Plaintiff's allegations against each Defendant is found in Paragraph 13 of Plaintiff's complaint, wherein the Plaintiff states, "The manufactured homes designed and manufactured by **Defendants**, including the manufactured home purchased by Plaintiff, have an improper design and construction of exterior walls in violation of HUD Manufactured Home Construction and Safety Standards as stated above. The defect existed at the time of sale and Plaintiff was provided with a written manufacturer warranty that expressly warranted that the home was free from defect."

7. Additionally, Paragraph 14, 15, 16, 18, 19, and 21 of Plaintiff's complaint makes it crystal clear they are pursuing all causes of action against each Defendant.

8. Plaintiff also chose to allege, in his complaint, that Defendant Champion is the parent corporation and/or alter ego of Defendant Champion Home Builders Co., Inc. Plaintiff believes this is a correct statement of fact and

law, and Plaintiff feels he can establish this allegation. However, this claim is not a separate cause of action, but is merely the assertion of the equitable doctrine of alter ego.

9. Therefore, as it relates to the equitable issue of alter ego, Plaintiff concurs a determination of the alter ego issue should be a legal and factual issue decided by this Honorable Court.

10. It appears the Defendant, in their motion, attempts to argue that because the alter ego doctrine is an equitable doctrine, there should be no claims against Champion Enterprises, Inc., at this time. Once again, the Plaintiff concurs the alter ego issue is an equitable issue, however the Plaintiff vehemently asserts his complaint alleges causes of actions directly against Champion Enterprises, Inc. Therefore, there should be no stay, as it relates to Plaintiff's ability to pursue his allegations directly against Champion Enterprises, Inc.

11. Additionally, two orders were recently entered in similar cases denying Defendant's Motion to Stay Alter Ego Claims (attached hereto, as exhibit "A" and exhibit "B".)

Respectfully submitted this 28th day of September 2006.

/s/ C. Gibson Vance
C. Gibson Vance (ASB-1923-N77C)

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following.

Gregory S. Ritchey, Esquire
Richard S. Walker, Esquire
Ritchey & Ritchey, P.A.
P.O. Drawer 590069
Birmingham, Alabama 35259-0069
greg@ritcheylaw.com
richard@ritcheylaw.com

/s/ C. Gibson Vance
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALBERT ALLEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 06-0422-BH-C |
| CHAMPION ENTERPRISES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This action is before the Court on a motion to strike plaintiffs' jury demand as to the alter ego claims against Champion Enterprises, Inc. ("Champion") and to stay such claims until after trial on the legal issues has now been filed (Doc. 9). Upon consideration of the motion, plaintiffs' response in opposition thereto (Doc. 16), and all pertinent portions of the records, the Court concludes and it is therefore **ORDERED** that the motion to strike the jury demand as to the alter ego claims is due to be and is hereby **GRANTED** but that the motion to stay is due to be and is hereby **DENIED** for the reasons stated by the plaintiffs.

In addition to the above, plaintiffs have now filed a motion (Doc. 15) to compel arbitration. It is **ORDERED** that the defendants, jointly or severally, **SHOW CAUSE** in writing **on or before October 10, 2006**, why this motion ought not to be granted and arbitration compelled, at which time the Court will take the matter under submission.

DONE this 26th day of September, 2006.

　　　　　　　　　　　　　　　　　　s/ W. B. Hand
　　　　　　　　　　　　　　　　　　SENIOR DISTRICT JUDGE



IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT FORD, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO. ) 06-0423-BH-C |
| CHAMPION ENTERPRISES, INC., et al., | ) ) |
| Defendants. | ) |

**ORDER**

This action is before the Court on a motion to strike plaintiffs' jury demand as to the alter ego claims against Champion Enterprises, Inc. ("Champion") and to stay such claims until after trial on the legal issues has now been filed (Doc. 9). Upon consideration of the motion, plaintiffs' response in opposition thereto (Doc. 16), and all pertinent portions of the records, the Court concludes and it is therefore **ORDERED** that the motion to strike the jury demand as to the alter ego claims is due to be and is hereby **GRANTED** but that the motion to stay is due to be and is hereby **DENIED** for the reasons stated by the plaintiffs.

In addition to the above, plaintiffs have now filed a motion (Doc. 15) to compel arbitration. It is **ORDERED** that the defendants, jointly or severally, **SHOW CAUSE** in writing **on or before October 10, 2006**, why this motion ought not to be granted and arbitration compelled, at which time the Court will take the matter under submission.

**DONE** this 26th day of September, 2006.

                                    s/ W. B. Hand
                                    SENIOR DISTRICT JUDGE

