IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY DEESE, | * | |
| Plaintiff, | * | |
| v. | * | Case Number: 1:06-cv-643 MHT |
| CHAMPION ENTERPRISES, INC., *et al.*, | * | |
| Defendants. | * | |

## MOTION FOR ENTRY OF HIPAA ORDER

**COME NOW** Homes of Legend, Inc. now known as Champion Homes of Boaz, Inc., Champion Home Builders, Co. and Champion Enterprises, Inc., defendants in the above-styled action, by and through counsel of record, and move that the attached Order complying with the Health Insurance Portability and Accountability Act of 1996 (HIPAA) be entered.

**WHEREFORE, PREMISES CONSIDERED,** defendants move that the attached Order be entered complying with the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and for such other and further relief as this Honorable Court deems just.

Respectfully submitted,

RITCHEY & RITCHEY, P.A.

_____
Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Homes of Legend, Inc. now known as Champion Homes of Boaz, Inc., Champion Home Builders, Co. and Champion Enterprises, Inc.

1

OF COUNSEL:
**RITCHEY & RITCHEY, P.A.**
P.O. Drawer 590069
Birmingham, AL 35259-0069
Phone:       205.271.3100
Facsimile    205.271.3111

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 2O<sup>th</sup> day of Oct_____, 200 6, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103

_____
OF COUNSEL

2

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY DEESE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number: 1:06-cv-643 MHT |
| | * | |
| CHAMPION ENTERPRISES, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

## HIPAA ORDER

Upon compliance with Rule 45 of the Federal Rules of Civil Procedure, the attorneys for the parties and/or *pro se* parties to this lawsuit are permitted to obtain all health information, including charges therefore, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Federal law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

**This Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to HIPAA.**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purpose of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

The parties and their attorneys shall be permitted to use the Protected Health Information in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firm (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process. Nothing in this Order shall be construed to authorize

any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than described above.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order.

Done this the _____ day of _____, 200___.

_____
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE