IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRY DEESE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:06cv643-MHT |
| ) | WO |
| CHAMPION ENTERPRISES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

### **ORDER ON MOTION**

Upon consideration of the defendants' motion for HIPAA order (Doc. # 21) filed on October 20, 2006, and for good cause, it is

ORDERED that the motion be and hereby is DENIED pursuant to Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and ¶ 5 of the General Order of this court entered on November 22, 1993.

The applicable provision of this court's General Order reads as follows:

> The court will not consider any motion relating to discovery, such as a motion to compel or a motion for protective order, unless the motion is accompanied by a written certification that the moving party has made reasonable good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), as amended on December 1, 1993, require litigants to seek to resolve discovery disputes by a good faith <u>conference</u> before seeking court intervention. Discovery motions filed pursuant to these Rules <u>must be accompanied by a certification</u> that the movant has in good faith conferred or attempted to

confer with other affected parties in an effort to resolve the dispute without court action.

It is further ORDERED that, if the parties agree that a protective order is appropriate, the parties are DIRECTED to confer and attempt to agree on a joint motion and proposed order.

DONE, this 24th day of October, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE