IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY DEESE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number: 1:06-cv-643 MHT |
| | * | |
| CHAMPION ENTERPRISES, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

## MOTION TO STRIKE

**COMES NOW**, Champion Enterprises, Inc. (hereinafter referred to as "CEI") and Champion Home Builders Co. (hereinafter referred to as "CHB"), by and through counsel of record, and moves this Honorable Court to strike Exhibit I, the Affidavit of Edward W. Sauls, including any documents purporting to support statements in said exhibit and any and all references to Exhibit I in Plaintiff's Response to Defendants' Renewed Motion to Dismiss or, in the alternative, Motion for Summary Judgment (hereinafter referred to as "Plaintiff's Response") and in support thereof states as follows:

1. In accordance with this Honorable Court's Uniform Scheduling Order (Doc. No. 10) entered the 26th day of August, 2006, the deadline to disclose experts and fully comply with all requirements of Rule 26(a)(2) with regard to the disclosure of expert testimony was the 29th day of September, 2006.

2. Plaintiff failed to disclose Edward W. Sauls (hereinafter referred to as "Sauls") as an expert by the above dated and further, failed to provide any expert information by said deadline in accordance with Rule 26(a)(2).

3. The Affidavit of Sauls attached to Plaintiff's Response was signed on the 21st day of November, 2006, approximately two (2) months after the plaintiff's expert disclosure deadline expired. (Ex. I to Plaintiffs' Response). No attempt was made between November 2006 and July 2007 to request that the Court allow an additional expert.

4. With respect to any expert the plaintiff intended to call at trial, CEI's and CHB's discovery requests asked plaintiff to "please [']identify['] and provide for each, the information set forth in Rule 26(b)(4)(A)(I), of the applicable rules of civil procedure", Mr. Sauls was not disclosed. (True and correct copies of the responses to Interrogatory 17 of CEI and CHB's discovery requests are attached hereto as Exhibits "A" and "B" respectively). Although he plaintiff was deposed on the 28th day of November, 2007, seven (7) days after the Sauls Affidavit was signed, and was asked to sign the discovery responses during the deposition, plaintiff again failed to disclose Sauls as an expert. Further, no supplemental responses to Interrogatory 17 have been received.

5. In addition to the above, the Affidavit of Sauls fails to provide the qualifications necessary in order to establish that Sauls has the expertise to interpret Form 10K Reports, and demonstrates a complete lack of understanding of corporate filing requirements. Additionally, the Affidavit of Sauls contains conclusory and unsupported statements based upon faulty interpretations. "[A]n expert opinion which is merely conclusory, even if couched in the language of the relevant legal standard, will be of little assistance to a court." *Dolihite v. Maughon*, 74 F.3d 1027, 1046 n. 33 (11th Cir.1996) citing *Rogers v. Evans*, 792 F.2d 1052, 1062 n. 9 (11th Cir.1986) (approving lower court's order striking affidavit of medical expert where the affidavit was "phrased in conclusory terms without citing facts" and concluding that the affidavit was "defective to create a factual dispute"); see also *Evers v. General Motors*, 770 F.2d 984, 986

(11th Cir.1994) (conclusory allegations without specific supporting facts have no probative value and cannot defeat a well-supported motion for summary judgment); *Bloodsworth v. Smith & Nephew, Inc.* 2006 WL 3364467, *6 (M.D.Ala. Nov.20, 2006) (expert opinion which was conclusory and devoid of any factual support did not did not meet the plaintiffs' burden of presenting "affirmative evidence in order to defeat a properly supported motion for summary judgment") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514 (1986)).

6. The exact same Sauls Affidavit was reviewed by the Honorable Terry F. Moorer in *Strickland v. Champion Enterprises, Inc.*, pending in the United States District Court for the Middle District of Alabama, Southern Division, Case No. 1:06-CV-682.[1] In reviewing the Affidavit along with the deposition testimony of Sauls, Judge Moorer found that "[b]etween the affidavit and deposition testimony, there is conflicting testimony from which the Court may draw various conclusions which in turn requires a weighing of the testimony and credibility of Mr. Sauls and his conclusions." (*Strickland* Memorandum Opinion and Order on Motions (Doc. No. 47) page 12, ¶ 2). After weighing the testimony and credibility of Mr. Sauls and his conclusions as well as all of the evidence submitted,[2] Judge Moorer stated that "the Court does not find any evidence tending to prove CEI misused its control, if any, over CHB, or that the misuse of

---

[1] In fact, the Sauls affidavit submitted as Exhibit I is presumed to be a copy of the original Affidavit submitted in the *Strickland* case as the style on the Affidavit is for the *Strickland* matter, and not the case before this Court.

[2] It appears the very same information submitted in *Strickland* upon which Judge Moorer ruled (both the evidence and response), has now been filed in this case. See Plaintiffs' Response to Motion to Dismiss or in the alternative, Motion for Summary Judgment, *Strickland v. Champion Enterprises, Inc.*, pending in the United States District Court for the Middle District of Alabama, Southern Division, Case No. 1:06-CV-682 (Doc. No. 21) and Exhibits A through HH).

control proximately caused the Stricklands' loss." (*Strickland* Memorandum Opinion and Order on Motions (Doc. No. 47) page 14, ¶ 1).

7. The deadline for defendants to provide expert information was the 31st day of January, 2007. CEI and CHB will be prejudiced if the Sauls Affidavit is not stricken as CEI and CHB's deadline to disclose experts has passed.

**WHEREFORE PREMISES CONSIDERED**, CEI and CHB pray that this Honorable Court will strike Exhibit I, including any documents purporting to support statements in said exhibit and any and all references to Exhibit I in Plaintiff's Response and for such other or different relief as is just.

Respectfully submitted,

RITCHEY & SIMPSON, PLLC

_____
Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Homes of Legend, Inc. now known as Champion Homes of Boaz, Inc., Champion Home Builders, Co. and Champion Enterprises, Inc.

OF COUNSEL:
RITCHEY & SIMPSON, PLLC
3288 Morgan Drive, Suite 100
Birmingham, AL 35216-3084
Phone:     205.876.1600
Facsimile  205.876.1616

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on the 30th day of _____, 200_7_, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire           Jon D. Pels, Esquire
W. Daniel Miles, III, Esquire      Lawrence J. Anderson, Esquire

4

| | |
|---|---|
| C. Gibson Vance, Esquire<br>C. Lance Gould, Esquire<br>BEASLEY, ALLEN, CROW,<br>METHVIN, PORTIS & MILES, P.C.<br>Post Office Box 4160<br>Montgomery, AL 36103 | Pels, Anderson & Lee, LLC<br>4833 Rugby Avenue, 4th Floor<br>Bethesda, MD 20814<br><br>_____<br>OF COUNSEL |

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRY DEESE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   1:06-cv-643-MHT |
| | * |
| CHAMPION ENTERPRISES, INC., *et al.*, | * |
| | * |
| Defendants. | * |

**PLAINTIFF'S RESPONSE TO DEFENDANT CHAMPION ENTERPRISES, INC.'S FIRST INTERROGATORIES**

Plaintiff Terry Deese hereby responds to Defendant Champion Enterprises, Inc.'s First Interrogatories as follows.

**General Objections**

1. The objections to the pending discovery made by Plaintiff is made without waiver of, or prejudice to, additional objections that Plaintiff may make. All such objections are hereby expressly preserved, as is the right to move for a protective order. Plaintiff also reserves all objections to the admissibility at trial of any information provided.

2. Plaintiff objects to the discovery to the extent each interrogatory has absolutely no relevance to the proceedings before the Middle District of Alabama and is not calculated to lead to the discovery of admissible evidence.

3. The supplying of any information does not constitute an admission by Plaintiff that such information is relevant in this action. All information provided by Plaintiff is for use in this litigation only; that is, to be used for no other purpose.

EXHIBIT A

16. Please "identify" everything you claim supports your contention that "Plaintiff have given [sic]" CHB "notice of Plaintiff' [sic] breach of warranty claim prior to bringing suit" as alleged in the Complaint.

**RESPONSE:** **Plaintiff objects to this Interrogatory on the grounds it is overly broad; unduly burdensome; seeks information or documents protected by the attorney client and/or work product doctrine; and/or requests information that is held in the opinions of the plaintiff's expert witnesses that is premature for discovery at this time under FRCP 26(c). Additionally, there are documents and information in the possession of the defendant(s)' that the plaintiff seeks to discover and use in support of his allegations, and these discovery responses will be supplemented as discovery develops and pretrial disclosures are made in compliance with the Federal Rules of Civil Procedure and this Court's scheduling order. Furthermore, there is information responsive to this interrogatory that is in the possession of the Federal and State Government Agencies and other third parties that is as easily obtained by the defendants as obtained by the plaintiff. Without waiving these objections, Plaintiff will produce all documents that, at this time are in his possession, custody and control that are not protected or subject to the above referenced objections at a mutually agreed upon time and place for inspection, copying and review.**

17. In connection with any expert that you intend to call in the trial of this cause, please "identify" and provide for each, the information set forth in Rule 26(b)(4)(A)(I), of the applicable rules of civil procedure.

RESPONSE: See expert reports of Roy Bonney, Bobby Parks, and Robert Kondner previously produced.

18. Please "identify" the names and address of each person known to you or your attorney that has any knowledge of any of the facts that support any claims or contentions in this action or any aspect of your damages.

RESPONSE: Plaintiff; Plaintiff's attorneys; Plaintiff's experts; Roy Bonney, Bobby Parks, and Robert Kondner; defendants; Dawn Deese; Sara Deese; Larry Mercer of Best Value Homes; and Bonnie Harrison of Best Value Homes.

19. Please "identify" and state the location of each and every tangible document known to you or your attorney that supports any legal contentions or factual contentions made by you in this action.

RESPONSE: Plaintiff objects to this interrogatory on the grounds it is overly broad, ambiguous, and unduly burdensome.

20. Please "identify" each document referred to by you in preparing to answer or in answering these interrogatories.

RESPONSE: Plaintiff will produce all documents that, at this time are in his possession, custody and control at a mutually agreed upon time and place for inspection, copying and review.

21. Please "identify" all "documents" or "communications" you intend to use at any hearing or trial in this matter.

RESPONSE: Plaintiff will provide this information pursuant to the scheduling order.

_____
TERRY DEESE

Sworn to and subscribed before me on this _____ day of
_____, 2006.

_____
NOTARY PUBLIC
My Commission Expires:

17

_____
C. Gibson Vance (ASB-1923-N77C)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document upon all counsel of record as listed below by placing the same in the United States mail, properly addressed and first class postage prepaid on this the 1st day of November, 2006.

Gregory S. Ritchey, Esquire
Richard S. Walker, Esquire
Ritchey & Ritchey, P.A.
P.O. Drawer 590069
Birmingham, Alabama 35259-0069
greg@ritcheylaw.com
richard@ritcheylaw.com

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRY DEESE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   1:06-cv-643-MHT |
| | * |
| CHAMPION ENTERPRISES, INC., *et al.*, | * |
| | * |
| Defendants. | * |

### PLAINTIFF'S RESPONSE TO DEFENDANT CHAMPION HOME BUILDERS CO.'S FIRST INTERROGATORIES

Plaintiff Terry Deese hereby responds to Defendant Champion Home Builders Co.'s First Interrogatories as follows.

### General Objections

1. The objections to the pending discovery made by Plaintiff is made without waiver of, or prejudice to, additional objections that Plaintiff may make. All such objections are hereby expressly preserved, as is the right to move for a protective order. Plaintiff also reserves all objections to the admissibility at trial of any information provided.

2. Plaintiff objects to the discovery to the extent each interrogatory has absolutely no relevance to the proceedings before the Middle District of Alabama and is not calculated to lead to the discovery of admissible evidence.

3. The supplying of any information does not constitute an admission by Plaintiff that such information is relevant in this action. All information provided by Plaintiff is for use in this litigation only; that is, to be used for no other purpose.

EXHIBIT 13

and/or requests information that is held in the opinions of the plaintiff's expert witnesses that is premature for discovery at this time under FRCP 26(c). Additionally, there are documents and information in the possession of the defendant(s)' that the plaintiff seeks to discover and use in support of his allegations, and these discovery responses will be supplemented as discovery develops and pretrial disclosures are made in compliance with the Federal Rules of Civil Procedure and this Court's scheduling order. Furthermore, there is information responsive to this interrogatory that is in the possession of the Federal and State Government Agencies and other third parties that is as easily obtained by the defendants as obtained by the plaintiff. Without waiving these objections, Plaintiff will produce all documents that, at this time are in his possession, custody and control that are not protected or subject to the above referenced objections at a mutually agreed upon time and place for inspection, copying and review.

17. In connection with any expert that you intend to call in the trial of this cause, please "identify" and provide for each, the information set forth in Rule 26(b)(4)(A)(I), of the applicable rules of civil procedure.

**RESPONSE:** See expert reports of Roy Bonney, Bobby Parks, and Robert Kondner previously produced.

18. Please "identify" the names and address of each person known to you or your attorney that has any knowledge of any of the facts that support any claims or contentions in this action or any aspect of your damages.

17

_____
TERRY DEESE

Sworn to and subscribed before me on this _____ day of _____, 2006.

_____
NOTARY PUBLIC
My Commission Expires:

_C. 30_
C. Gibson Vance (ASB-1923-N77C)

### CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document upon all counsel of record as listed below by placing the same in the United States mail, properly addressed and first class postage prepaid on this the 1st day of November, 2006.

Gregory S. Ritchey, Esquire
Richard S. Walker, Esquire
Ritchey & Ritchey, P.A.
P.O. Drawer 590069
Birmingham, Alabama 35259-0069
greg@ritcheylaw.com
richard@ritcheylaw.com

_C. 30_
OF COUNSEL

18