IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY DEESE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number:  1:06-cv-643 MHT |
| | * | |
| CHAMPION ENTERPRISES, INC., *et al.,* | * | |
| | * | |
| Defendants. | * | |

## BRIEF IN SUPPORT OF MOTION TO STRIKE

**COMES NOW**, Champion Homes of Boaz, Inc., formerly known as Homes of Legend, Inc. (hereinafter referred to as "Legend"), one of the defendants in the above-styled action, by and through counsel of record, and submits the following brief in support of its Motion to Strike.

### INTRODUCTION

Plaintiff's Exhibit 12 and 13 to his Memorandum in Opposition to Defendant's Motion for Summary Judgment - Preemption (hereinafter referred to as "Exhibit 12" and "Exhibit 13" respectively) and Exhibit 13 to his Memorandum in Opposition to Defendant's Motion for Summary Judgment as to Merits (hereinafter referred to as "Exhibit 13 - Merits") violate this Honorable Court's Uniform Scheduling Order (Doc. No. 10) and the Federal Rules of Civil Procedure as such referenced items were not included in the expert reports and disclosures.

### ARGUMENT

Fed. R. Civ. P. 26(a)(2)(B), states among other things with regard to expert reports: "The report shall contain a *complete statement* of all opinions to be expressed and the *basis* and reasons therefore; the data or *other information considered* by the witness. . . " Exhibits 12 and 13 contain affidavits of the plaintiff's experts that are simply addenda to their reports; meaning

the prior reports supplied by the plaintiff's experts were not complete as required under Rule 26. These addenda were served on November 12, 2007 (over a year after they were due) with the Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment – Preemption. Expert disclosure requirements are not merely aspirational, and courts must deal decisively with a party's failure to adhere to them. *Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001). These late addenda unfairly prejudice Legend who has not had the opportunity to cross-examine plaintiff's experts regarding their new positions. Also, experts for Legend will not have adequate time to review and respond to the new assertions. This recent production, which is over a year late, can only be seen as gamesmanship by the plaintiff.

Exhibit 12 also contains 193 pages of information relied on by the plaintiff's expert which were not timely disclosed to defense counsel as required under both Rule 26 and the Court's Scheduling Order. This late disclosure unfairly prejudices Legend. The late service comes after Legend has already deposed Mr. Parks and does not allow cross-examination regarding the issues contained therein. Also, experts for Legend will not have adequate time to review and respond to the materials therein as all discovery deadlines have passed.

Fed. R. Civ. P. 37(c)(1), gives teeth to the expert disclosure requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. *Yeti by Molly, Ltd. v. Decker's Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

The protocols produced in Exhibit 12 are represented as being those employed by plaintiff's expert during his investigation. If they were relied on by the plaintiff's expert at the time of the

investigation then this court has no choice but to acknowledge that they were intentionally withheld from Legend. Under Rule 26 plaintiff had a clear duty to produce these items before the disclosure deadline whether Legend requested them or not.

Given the plaintiff's apparent willful disregard of the Court's scheduling order and Rule 26 this court may properly disregard the exhibits, forbid their use at trial or even exclude the expert's opinions at trial even though the expert has been deposed. *Id.*

"The Advisory Committee Notes describe Rule 37(c)(1) as a self-executing, automatic sanction to provide a strong inducement for disclosure of material..." *Id.* citing Fed. R. Civ. P. 37 advisory committee's note 1993. The courts broad power to sanction for failure to comply with Rule 26 has been upheld even where such sanctions have precluded a litigant's entire cause of action or defense. *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001).

Exhibit 13 to plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment as to Merits also contains a late disclosure of information that the plaintiff's experts intend to use at trial. As stated above, this violates both Rule 26 and this Court's Scheduling Order. While this exhibit is a presentation authored by the defendant's own expert, its late disclosure makes it prejudicial. This document is not one that was relied on by plaintiff's expert as it was published after plaintiff issued their report. To allow plaintiff's expert to continually bolster and update his report creates a moving target that the Rules were designed to eliminate. The rules as a whole are designed to promote fairness. To allow plaintiff's to continually amend their positions without leave of the court is manifestly unfair. This Court should not allow its orders to be ignored without consequence.

3

Case 1:06-cv-00643-MHT-SRW    Document 58    Filed 11/19/2007    Page 4 of 5


When a party disregards Rule 26, exclusion of the evidence is appropriate. In fact the court has held that "even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." *Yeti by Molly, Ltd.*, at 1106.

**WHEREFORE PREMISES CONSIDERED**, Legend prays that this Honorable Court will strike Exhibits 12 and 13 to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment - Preemption and Exhibit 13 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment as to Merits and for such other or different relief as is just.

Respectfully submitted,

RITCHEY & SIMPSON, PLLC

Gregory S. Ritchey, Esquire{ASB-8196-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Homes of Legend, Inc. now
known as Champion Homes of Boaz, Inc.

OF COUNSEL:
RITCHEY & SIMPSON, PLLC
3288 Morgan Drive, Suite 100
Birmingham, AL 35216-3084
Phone:        205.876.1600
Facsimile     205.876.1616

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on the _17_ day of _Nov_____,
200_7_, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
C. Lance Gould, Esquire
BEASLEY, ALLEN, CROW,

Jon D. Pels, Esquire
Lawrence J. Anderson, Esquire
Pels, Anderson & Lee, LLC
4833 Rugby Avenue, 4th Floor
Bethesda, MD 20814

4

METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103



OF COUNSEL