IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY DEESE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 06-643-MHT |
| | * | |
| CHAMPION ENTERPRISES, INC., | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE**

Legend has requested that this Court strike three affidavits submitted by Plaintiff. Specifically, Exhibits 12 and 13 to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment – Preemption (hereinafter referred to as "Exhibit 12" and "Exhibit 13" respectively) and Exhibit 13 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment as to Merits (hereinafter referred to as "Exhibit 13 – Merits"). Legend contends that Exhibit 12, Exhibit 13, and Exhibit 13 – Merits were submitted in violation of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

Rule 26(a)(2)(B)(i) of the Federal Rules of Civil Procedure requires a written report regarding an expert expected to testify to contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Rule 26(a)(2)(B)(ii) requires the report to contain "the data or other information considered by the witness in forming" his opinion. Plaintiff previously satisfied Rule 26(a)(2)(B) and has not sought to add to the experts' previously formed opinions. Legend argues Exhibits 12 and 13 are addenda to the experts' reports submitted late and should be stricken. The exhibits, however, are merely a response to Legend's attack on Plaintiff's expert and a demonstration to the Court that Robert Parks and Dr.

Robert Kondner are in fact experts and the principles and methods used by Robert Parks to form his opinions were reliable. Legend has attacked the procedures used by Robert Parks in forming his opinions and questioned whether he should be qualified as an expert. Plaintiff has a right to respond to those attacks. Defendants suggest that they should be able to make ad hominem attacks on the Plaintiff's experts and that when Plaintiff attempts to respond, their response should be stricken.

Specifically, pages 5 through 9 of Plaintiff's Memorandum in Opposition to Defendant Champion Homes of Boaz, Inc.'s ("CHB") Motion for Judgment on the Pleadings based upon Preemption references matters that were previously disclosed in the curriculum vitae's or were learned in deposition of Defendant's corporate designee when the Designee actually admitted he attended a seminar taught by one of Plaintiffs' experts.[1] *Id.*

Rule 702 of the Federal Rules of Evidence states an expert is qualified based upon knowledge, skill, experience, training, or education. The first part of Exhibit 12 is not an additional opinion by the expert, but rather proof that he in fact is an expert. Plaintiff not only has a right to demonstrate the expert's knowledge, skill, experience, training, or education to this Court, Plaintiff has an obligation to do so. This is especially true when Legend attacks the expert's qualification as such.

Legend has also disputed the procedures used by the expert in forming his opinions. The second part of Exhibit 12 addresses Legend's concerns. This latter part of the exhibit is a demonstration to the Court that the expert's opinions were the product of reliable principles and

---

[1] Such attacks by parties is not uncommon but should be soundly rejected: "Although stating that 'it is undisputed that Dr. Rosen is one of the preeminent experts in his field' and has 'vast credentials,' [the defendant] 'suggests that the theory advanced by Dr. Rosen in order to prove the plaintiffs' case is not adequately based on prevailing methods of assessing lead poisoning.' We disagree." *Campbell v. Metropolitan Prop. & Cas. Ins. Co.*, 239 F.3d 179, 184 (2d Cir. 2001).

methods.  This Court has a duty to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).  Plaintiff bears the burden of demonstrating to this Court that the expert is "'qualified to testify competently regarding the matters he intend[s] to address; the methodology by which the expert reached his conclusions [were] sufficiently reliable; and the testimony assists the trier of fact.'" *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002), quoting *Maiz v. Virani*, 253 F.3d 641, 664 (11th Cir. 2001).  The essence of the last of the Supreme Court's *Daubert* related cases is highlighted in *Kumbo Tire Co., Ltd. v. Carmichal*, 526 U.S. 137 (1999) in which Justice Breyer crystallized *Daubert*:

> [The purpose of gatekeeping] "is to make certain that an expert employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."

*Id.*

By way of example, The Food and Drug Administration published a lengthy justification in the Federal Register for why it banned the herb ephedra from dietary supplement products.  Its analysis wove together the basic pharmacology of the active ingredient of the herb, the adverse event reports the agency had received, and the peer-reviewed literature.  Food and Drug Administration, "Final Rule Declaring Dietary Supplements Containing Ephedrine Alkaloids Adulterated Because They Present an Unreasonable Risk," 69 Fed. Reg. 6787 (2004).

Similarly, there are dozens upon dozens of studies which support Plaintiff's expert's opinions, including many which were HUD funded and endorsed which should stand up in court when an expert analyzes any manufacturer's defective propensities.  Plaintiff, therefore, must be allowed to fulfill his duty of illustrating to the Court the qualifications of his witnesses and that the methodologies they used were reliable.

The additional 193 pages attached to Exhibit 12 were simply more evidence that the principles and methods used are in fact reliable. It is important to note the additional 193 pages were not considered by the expert when he formed his opinions, but rather are a corroboration that the principles and methods used are reliable. This is a subtle, yet huge difference. The additional 193 pages were submitted for the one purpose of satisfying this Court and Legend that the expert used the proper protocol when he inspected the home.[2] Plaintiff fails to see how describing to this Court the proper way to inspect a home in any way prejudices Legend.

Importantly and ironically, Defendants argue that Plaintiff's experts are not qualified but Plaintiff has provided in arbitration trials involving six homes to date learned treaties which support and prove Plaintiff's theories (cited in part in Plaintiffs' Opposition in this case) which are deemed reliable authority in part by defendants' own expert and defendants cannot point to one (1) such study that says the way in which they are building these houses is recommended. If anyone is acting outside the professional community in forming opinions, it is Defendant's expert(s).

Exhibit 13 is similar to Exhibit 12. Exhibit 13 too is a response to Legend's concerns over the protocol used by the expert. It begins by describing the knowledge, skill, experience, training, or education of Plaintiff's other expert, Dr. Robert Kondner. The latter part of the exhibit reaffirms that the principles and methods used to inspect the home were reliable. Again, Plaintiff fails to see how explaining to this Court the qualifications of its expert and explaining the proper home inspection procedures is in any way prejudicial to Legend.

---

[2] The Federal Judicial Center's REFERENCE MANUAL ON SCIENTIFIC EVIDENCE (2d ed. 2000) discusses methodologies. The summary on p.469 discusses the types of evidence to be considered in a "general causation" study.

Legend also requests that this Court strike a presentation authored by Legend's own expert. Plaintiff has a right to cross-examine Legend's expert on his opinions, despite the date on which he came to those opinions. Furthermore, Legend incorrectly states Plaintiff's experts have relied on that presentation. None of Plaintiff's experts used Exhibit 13 – Merits to form their conclusions. Again, Rule 26(a)(2)(B) states Plaintiff must disclose "information considered by the witness in forming" his opinions. Plaintiff does not have an obligation under the rule to disclose information *not* considered in the forming of expert opinions.

Respectfully submitted this 17th day of December, 2007.

/s/ C. Lance Gould
C. LANCE GOULD (ASB-0913-G66C)
Attorney for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (fax)

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have electronically filed the original of the foregoing document in this Court and served a copy upon all Defendants of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 17th day of December, 2007.

                                                /s/ C. Lance Gould
                                                OF COUNSEL

Gregory S. Ritchey
RITCHEY & SIMPSON, PLLC
3288 Morgan Drive, Suite 100
Birmingham, Alabama  35216