IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY DEESE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number:  1:06-cv-643 MHT |
| | * | |
| CHAMPION ENTERPRISES, INC., *et al.,* | * | |
| | * | |
| Defendants. | * | |

## WITNESS AND EXHIBIT LIST

COMES NOW the defendant, Champion Homes of Boaz, Inc. f/k/a Homes of Legend, Inc. (hereinafter referred to as "Legend") and provides the following as its witness and exhibit list:

### WITNESSES

1.    Parker Holloway
      Field Operations Manager, Homes of Legend, Inc., Champion Home Builders Co.
      185 Belflower Road
      Tifton, Georgia  31794

      The representative from Legend will testify regarding the serial number file, manufacture of the home and inspection of the home as set forth in the expert report prepared and signed by Mr. Holloway.

2.    Francis Conlin
      Principal
      mSolve
      705 Watts Street
      Durham, NC  27701

      Will testify regarding the expert report prepared and signed by Mr. Conlin.

3.    David R. Tompos
      General Manager
      NTA, Inc.
      305 North Oakland Avenue
      P.O. Box 490

Nappanee, IN  46550

Will testify regarding the expert report prepared and signed by Mr. Tompos as well as the permeability testing of the wallboard in the Deese home.

4.    Roger Garrett
      Adorn, LLC
      2421 South Nappanee Street, Ste. B
      Elkhart, IN  46517

Will testify regarding the expert report prepared and signed by Mr. Garrett.

5.    Terry Deese

Will testify regarding the purchase, installation, repair notices and other aspects of the subject manufactured home.

6.    Dale Arter, Director of Testing
      NTA, Inc.
      305 North Oakland Avenue
      P.O. Box 490
      Nappanee, IN  46550

Will testify regarding the permeability testing of the wallboard in the Deese home.

7.    Douglas Berger, P.E.
      NTA, Inc.
      305 North Oakland Avenue
      P.O. Box 490
      Nappanee, IN  46550

Will testify regarding the permeability testing of the wallboard in the Deese home.

8.    A representative from the Alabama Manufactured Housing Commission
      350 South Decatur Street
      Montgomery, Alabama 36104

9.    Any other witness designated by any other party in this matter, together with any rebuttal witness whose names cannot be anticipated at this time;

10.    Any other witness necessary to authenticate any document which may be offered into evidence in this matter;

2

11.   Any person whose identity appears on any document produced by any party.

## EXHIBITS

1.    Data Plate;

2.    Manufacturer's Certificate of Origin;

3.    Final Inspection Sheet;

4.    Request for storm window sent October 27, 2003;

5.    WSA-MRS dated November 3, 2003;

6.    30-Day Satisfaction Inspection Sheet faxed January 8, 2004;

7.    Service Warranty Repair Request faxed February 23, 2004;

8.    Fax with Ms. Deese's phone number received March 11, 2004;

9.    Service Work Order completed March 12, 2004;

10.   Service Work Order completed June 4, 2004;

11.   Customer Survey Sheet dated June 4, 2004;

12.   Service Work Order completed July 1, 2004;

13.   Service Check List dated July 1, 2004;

14.   Customer Survey Form dated July 1, 2004;

15.   Customer Survey Sheet dated July 1, 2004;

16.   Homeowner's Guide, Limited Warranty and Arbitration Agreement;

17.   Installation Manual;

18.   Hard card (2 copies);

19.   Order form;

20.   Appliance Sheet;

21.   Consumer Information Sheet;

22.    Invoice (3 copies);

23.    Star Fleet, Inc. Invoice;

24.    WSA-MRS dated November 3, 2003 unsigned (2 pages);

25.    Floor plan flyer;

26.    Pictures from inspection of home;

27.    Expert Report of Parker Holloway and pictures;

28.    Expert Report of Francis Conlin, P.E. and pictures;

29.    Expert Report of Dave Tompos, P.E.;

30.    Expert Report, Roger Garrett and pictures;

31.    Letter from Associate Deputy Assistant Secretary for Regulatory Affairs and Manufactured Housing dated January 19, 2007;[1]

32.    Results of Permeability Test of the wallboard in the Deese home conducted by NTA Testing Laboratories, Inc.

33.    Any applicable manufactured housing codes, standards or regulations, including, but not limited to the National Manufactured Housing Construction and Safety Standards Act, 42 U.S.C. §§ 5401, *et seq.*; Code of Federal Regulations, Title 24, Federal Manufactured Home Construction and Safety Standards. 24 CFR § 3280, et seq.; Code of Federal Regulations Title 24, Manufactured Home Procedural and Enforcement Regulations.    24 CFR § 3282, *et seq.*; and Alabama Manufactured Housing Commission Statutory Law, including Rules and Regulations.

34.    Any exhibit, document, or tangible evidence produced by any party or witness, or attached or referenced in any expert report, except for such exhibit, document, or tangible evidence that Legend has objected to prior to trial or will object to at the trial based on such exhibit, document, or tangible evidence containing

---

[1]    Agency interpretations should be given deference, as courts have recognized that the agency that crafts a regulation is in a superior position to understand its own rules. *See Secretary of the Interior v. Tallman*, 380 U.S. 1, 16 (1965); *see also Christensen v. Harris County*, 529 U.S. 576, 578 (2000)(*quoting Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)(internal quotations omitted)(agency opinion letters are "entitled to respect" to the extent they "have the power to persuade"); *Geier v. American Motor Honda Co., Inc.*, 529 U.S. 861, 883 (2000) (the preemptive reach of federal regulations is a question of departmental intent, and the opinion of the agency is entitled to some weight).

4

inadmissible information.

35.    Any affidavits and written, oral or sworn statements, along with exhibits, given by any witness or party except for such affidavits and written, oral or sworn statements, along with exhibits that Legend has objected to prior to trial or will object to at the trial based on such affidavits and written, oral or sworn statements, along with exhibits containing inadmissible information.

36.    All pleadings generated during the course of this matter as well as any documents attached to support any pleading, except for such pleadings, evidence or documents that Legend has objected to prior to trial or will object to at the trial based on such pleading, evidence or document containing inadmissible information.

37.    Any demonstrative evidence including but not limited to plumbing components, electrical components, construction components, wall components, ceiling components, flooring components, etc. as well as any DAPIA related documents regarding specific issues in this matter (Will be made available for inspection and review upon reasonable request).

38.    Any deposition testimony, affidavit or statement given in this matter or given by any witness or party in any other matter, including exhibits attached thereto, except for such testimony, evidence, exhibits or documents that Legend has objected to prior to trial or will object to at the trial based on such testimony, evidence, exhibits or documents containing inadmissible information.

39.    Any exhibit, document, or tangible evidence produced by any person voluntarily or pursuant to a subpoena, except for such evidence, exhibits or documents that Legend has objected to prior to trial or will object to at the trial based on such testimony, evidence, exhibits or documents containing inadmissible information.

Respectfully submitted this the _3rd_ day of _____,
200 8 .

RITCHEY & SIMPSON, PLLC

Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Homes of Legend, Inc. now
known as Champion Homes of Boaz, Inc.

OF COUNSEL:
RITCHEY & SIMPSON, PLLC
3288 Morgan Drive, Suite 100
Birmingham, AL 35216-3084
Phone:        205.876.1600
Facsimile     205.876.1616

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 3rd day of January 200_8_, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
C. Lance Gould, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103

Jon D. Pels, Esquire
Lawrence J. Anderson, Esquire
Pels, Anderson & Lee, LLC
4833 Rugby Avenue, 4th Floor
Bethesda, MD 20814

OF COUNSEL