IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY DEESE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number: 1:06-cv-643 MHT |
| | * | |
| CHAMPION ENTERPRISES, INC., *et al.*, | * | |
| | * | UNOPPOSED |
| Defendants. | * | |

## MOTION FOR LEAVE TO SUPPLEMENT MOTIONS FOR SUMMARY JUDGMENT

**COMES NOW** the defendant, Champion Homes of Boaz, Inc., f/k/a Homes of Legend, Inc. ("Legend"), and moves for leave to supplement the Motion for Summary Judgment (Doc. No. 43) and Motion for Summary Judgment-Preemption (Doc. No. 45), and as grounds therefore, states as follows:

1. On the 19th day of October, 2007 a Motion for Summary Judgment (Doc. No. 43) and Motion for Summary Judgment-Preemption (Doc. No. 45) were filed by Legend. As set forth in the Motion for Summary Judgment-Preemption, in the Complaint, Deese claims that the walls in his home have an improper design since they allegedly utilize vinyl over gypsum (sometimes referred to herein as "VOG") on the interior sides of the exterior walls. (See Compliant, ¶¶ 6-16). Essentially, it was alleged that Legend utilized a vapor retarder of one (1) perm or less on the interior side of the exterior walls. However, the only admissible evidence establishes that the interior walls were covered with paper,[1] not vinyl. (See Affidavit of Garrett,

---

[1] The Department of Housing and Urban Development assumes that paper covered wallboards have a permeance rating of 5 perms or more and need not be tested to establish their compliance with the 5.0 perm combined vapor permeance requirement of the Final Waiver. See 67 Fed.Reg. 20402 (April 24, 2002). A perm rating is a measure of the flow of water vapor through a material. The higher the perm rating, the more permeable (porous) the material.

1

¶ 2 submitted with Motion for Summary Judgment-Preemption).[2] Based on the foregoing, Deese could not prove his case.

2. On the 1st day of November, 2007, the deposition of Dave Tompos, P.E. was taken. This date was the last date discovery could take place in accordance with the Uniform Scheduling Order (Doc. No. 10). Following the deposition of Mr. Tompos, counsel for the parties inquired into the possibility of testing the wallboard in the Deese home to determine its permeance. Mr. Tompos advised it could be arranged, but it would take two (2) to six (6) weeks for the results. Thus, although an agreement was reached during the discovery period for invasive testing, the testing could not be completed by the end of the discovery deadline.

3. Following the above discussion, counsel for the parties agreed to remove a section of wallboard from the Deese home and for each party to be allowed to test the wallboard, provided the other party was given an opportunity to review the test at any stage. Arrangements were made for the removal of a piece of wallboard from the Deese home on the 14th day of November, 2007. A true and correct copy of correspondence from counsel for Legend to counsel for Deese is attached hereto as Exhibit 1.

---

Based upon building codes, any membrane that has a perm rating of 1.0 (dry cup method) or less is considered a vapor retarder. An air retarder is different from a vapor retarder in that it blocks only air and liquid water, not water vapor. Air retarders block drafts of hot or cold air caused by winds and pressure differences between the inside and outside of the house. A housewrap is one form of an air retarder. Typical exterior "housewraps" are not vapor retarders.

2  As set forth in the Motion for Summary Judgment-Preemption, the plaintiff's expert, Bobby Parks, was not sure whether the walls in the Deese home were VOG and could not definitively state whether the home was built to the 3280.504(b)(1) or 3280.504(b)(3) of the HUD Code. (Parks, pp. 228: 18-23; 229: 1-9). Parks claimed he performed a "burn test" to determine whether the wallboard in this home was VOG, but he admitted such testing was not noted in his expert report and that no testing authority has concluded that such a test is proper to use, stating that is why he has to ask the manufacturer whether the wallboard is vinyl or paper. (Parks, pp. 226: 22-23; 227: 1-23; 228: 1-23; 229: 1). Obviously, Parks does not rely on the test and agrees that it is not generally accepted in the industry and thus, fails to meet the *Daubert* standard for admissibility.

4. Following the retrieval of the piece of wallboard, counsel for Legend notified counsel for Deese of the anticipated date the wallboard testing would begin. A true and correct copy of the letter to counsel for Deese is attached hereto as Exhibit 2.

5. Following the testing of the wallboard, a report was generated finding that that permeance of the wallboard was 20.65 perms. This is a significant development in that the underlying claim in the case alleges that the wallboard is VOG rated at one (1) perm or less. Thus, the plaintiff's claim can not be supported. A true and correct copy of the Test Report that was approved December, 26 2007 is attached hereto as Exhibit 3 and made a part hereof by reference. Legend moves that it be allowed to supplement its motions with respect to the Test Report.

6. The Test Report was forwarded by counsel for Legend to counsel for Deese on the 30th day of December, 2007 along with an offer to schedule depositions of those individuals that participated in the testing of the wallboard. Additionally, the individuals that participated in the testing are being disclosed in the Witness and Exhibit list filed by Legend. In accordance with Section 7 of the Uniform Scheduling Order (Doc. No. 10), the discovery deadline is extended as to any witnesses whose names are not revealed until the last day allowed under Section 10 for the exchange of witness lists.

7. No party will be prejudiced by the supplement as all parties consented to the testing, were aware of the testing and were given the opportunity to participate.

8. Counsel for Deese does not oppose this motion and requests until the 21st day of January, 2008 within which to file a response. Counsel for Legend does not oppose this request and further moves that the Court allow Deese until the 21st day of January, 2008 to respond to this motion.

9. While it is respectfully submitted Legend's motions for summary judgment are due to be granted as filed, this Court can save significant time and resources due to the findings in the Test Report that the wallboard is in fact not a vapor retarder as presumed by the plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** Legend prays that it be allowed to supplement its motions for summary judgment and for such other or different relief as is just.

Respectfully submitted,

RITCHEY & SIMPSON, PLLC


/s/ Gregory S. Ritchey
Gregory S. Ritchey, Esquire{ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Homes of Legend, Inc. now known as Champion Homes of Boaz, Inc.

OF COUNSEL:
RITCHEY & SIMPSON, PLLC
3288 Morgan Drive, Suite 100
Birmingham, AL 35216-3084
Phone:     205.876.1600
Facsimile  205.876.1616

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 3rd day of January, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
C. Lance Gould, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103

Jon D. Pels, Esquire
Lawrence J. Anderson, Esquire
Pels, Anderson & Lee, LLC
4833 Rugby Avenue, 4th Floor
Bethesda, MD 20814


/s/ Gregory S. Ritchey
OF COUNSEL

4

# EXHIBIT 1

# RITCHEY & SIMPSON, PLLC
### ATTORNEYS ♦ MEDIATORS ♦ COUNSELORS

W. SCOTT SIMPSON
GREGORY S. RITCHEY

RICHARD S. WALKER
AUSTIN BURDICK

3288 Morgan Drive, Suite 100
Birmingham, Alabama 35216-3084

Website: www.RitcheySimpson.com

TELEPHONE: 205.876.1600
FACSIMILE: 205.876.1616

DIRECT DIAL: 205.876.1601
Email: gsritchey@ritcheysimpson.com

November 20, 2007

**VIA FACSIMILE ONLY**
C. Lance Gould, Esquire
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, AL 36103

Re:   Terry Deese v. Champion Enterprises, Inc., et al
      Serial No. HL15661
      Case No.: 1:06-cv-643 MHT

Dear Lance:

It is our understanding from Dave Tompos that the testing of the wallboard could take anywhere from two (2) to six (6) weeks for the results to be established. Mr. Tompos would like to move immediately with regard to the testing and therefore, we wish to provide you or your experts the opportunity to view the testing, at any stage. It is my understanding from Mr. Tompos that he will likely begin testing on Wednesday the 28th of November 2007. Again, you or your experts are invited to witness the initial part of the testing and further, throughout the procedure, may have an opportunity to view the testing at any stage. Please feel free to get back with this office concerning the above or to contact Dave Tompos directly. His number is 574.773.7975. Additionally, we understand you will extend the same courtesies to us for any wallboard testing you plan to initiate.

If you have any questions, please feel free to call.

Yours very truly,

RITCHEY & SIMPSON, PLLC

Gregory S. Ritchey

GSR/sfb

# EXHIBIT 2

# RITCHEY & SIMPSON

ATTORNEYS & COUNSELORS

W. SCOTT SIMPSON
GREGORY S. RITCHEY

RICHARD S. WALKER
AUSTIN BURDICK

3288 Morgan Drive, Suite 100
Birmingham, Alabama 35216-3084

Website: www.RitcheySimpson.com

TELEPHONE:   205.876.1600
FACSIMILE:   205.876.1616

DIRECT DIAL: 205.876.1601
Email: gsritchey@ritcheysimpson.com

November 12, 2007

**VIA FACSIMILE**
C. Lance Gould, Esquire
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, AL 36103

      RE:     **Terry Deese v. Champion Enterprises, Inc., et al.**
            **Case No.:    1:06-cv-643 MHT**
            **Our File No.: 1562.0789**

Dear Lance:

      This letter will confirm our agreement with regard to the retrieving and testing a piece of wallboard in Mr. Deese's house. We are making arrangement for both of our offices to have someone available Wednesday, November 14, 2007 to remove a piece of wallboard in the closet in the middle bedroom that is at least 4′ x 4′ in size. It is my understanding that each testing lab will need at least three (3) 12" x 12" samples to test. Therefore, if we can get a larger piece of wallboard, we may need to do so.

      As we also discussed, a representative from each of our offices will sign the wallboard that is retrieved. It is believed our representatives should sign on the back side of every corner since the wallboards will be cut into 12" x 12" pieces. As we also discussed, each of us will allow each other's experts to witness the testing. We can agree to work with each other to schedule a time convenient for someone to witness the testing from each of the parties. It is being presumed that both testing labs will utilize the dry cup method (which for a 2003 home would be measured by ASTM E-96-93 Standard Test Methods for Water Vapor Transmission of Materials) as set forth in 24 CFR 3280.504.

      It is my understanding that we can pull the wallboard around noon on the 14th of November. We made arrangements for a representative from the plant in Guin to remove the piece of wallboard as well as a courtesy to Mr. Deese, to replace it with another piece of wallboard that is either white or a color that is substantially similar to what exists in the Deese home.

Terry Deese v. Champion ...terprises, Inc., et al.
November 12, 2007
Page Two

Case 1:06-cv-00643-MHT-SRW    Document 65-3    Filed 01/03/2008    Page 3 of 3

We appreciate your assistance with regards to the above. If you have any questions please feel free to call.

Yours very truly,

RITCHEY & SIMPSON, PLLC

Gregory S. Ritchey

GSR/jlf
cc:   Nancy Meidell (via e-mail)
       Parker Holloway (via e-mail)

# EXHIBIT 3

Case 1:06-cv-00643-MHT-SRW    Document 65-4    Filed 01/03/2008    Page 1 of 10

**NTA TESTING LABORATORIES, INC.**

TESTING
LISTING
EVALUATION

257 EAST RANDOLPH STREET · NAPPANEE, INDIANA 46550
WWW.NTAINC.COM · TESTLAB@NTAINC.COM
PHONE: 574-773-7975
FAX: 574-773-2260

# ASTM E96, STANDARD TEST METHODS FOR WATER VAPOR TRANSMISSION OF MATERIALS, DESICCANT METHOD: 5/16-IN GYPSUM WALLBOARD WITH DECORATIVE OVERLAY

Prepared for:
**Ritchey and Simpson, PLLC**
3288 Morgan Drive, Suite 100
Birmingham, Alabama 35216-3084

Phone: (205)876-1600
Fax: (205)876-1616
Web: www.RitcheySimpson.com

Test Report: RNR112007-24
Issued: December 6, 2007

Prepared By:
Dale Arter,
Director of Testing

Reviewed By:
Douglas Berger, P.E.
Test Engineer



Seal: Douglas J. Berger, Registered No. 10606523, State of Indiana, Professional Engineer
12/26/07

This report contains only findings and results arrived at after employing the specific test procedures listed herein. It does not constitute a recommendation for, endorsement of, or certification of the product or material tested. NTA Testing Laboratories, Inc. makes no warranty, expressed or implied, except that the test has been performed, and a report prepared, based upon the specimen furnished by the client. Extrapolation of data, from the test data provided herein, to the batch or lot from which the specimens were obtained may not correlate and should be interpreted with extreme caution. NTA Testing Laboratories, Inc. assumes no responsibility for variations in quality, composition, appearance, performance, or other features of similar materials produced by the client, other persons, or under conditions over which NTA Testing Laboratories, Inc. has no control. NTA Testing Laboratories, Inc. has issued this report for the exclusive use of the client to whom it is addressed. Any use or duplication of this report shall not be made without their consent. This report shall only be reproduced in its entirety.

1. INTRODUCTION
    1.1. GENERAL
        The mechanisms governing water vapor transmission through solid materials are complex and not readily modeled. As a result, laboratory testing, using standardized test methods, is necessary to determine the water vapor transmission characteristics of materials. Knowledge of this property is essential for building materials intended to enclose conditioned spaces where moisture migration may damage the structure or its contents.

    1.2. OBJECTIVE AND SCOPE
        Ritchey and Simpson, PLLC retained NTA Testing Laboratories, Inc. to evaluate the water vapor transmission of a 5/16-in paper covered gypsum board in accordance with Section 3280.504 of the *Federal Manufactured Home Construction and Safety Standards* (FMHCSS)[2] and ASTM E96-93[1], *Standard Test Methods for Water Vapor Transmission of Materials*. All tests were conducted at NTA Testing Laboratories facility in Nappanee, Indiana.

2. TEST PROGRAM
    2.1. DESCRIPTION OF TEST SPECIMENS
        Sample material was provided for testing by the client. Initial sample was received by Richard S. Walker of Ritchey and Simpson, PLLC, on November 14, 2007 and transferred via UPS 2nd day air to David R. Tompos of NTA, Incorporated who received the material on November 19, 2007. On November 21, 2007 the sampled material was transported by Ryan Lehman to the NTA testing facility and assigned a specimen parent number.
        The sampled material is described as 5/16-in gypsum wallboard with a brown paper overlay side and a finished décor overlay side. The parent specimen, as received, had staple/pin nail holes around the perimeter and in several locations in the center. Tape had been applied to a central location on the brown paper side, and a rubber bumper was adhered to the center of the finished side of the panel. All damaged portions of the sampled material were clearly marked and not part of the tested samples.

    2.2. TEST PROCEDURE
        Each test is conducted in accordance with FMHCSS 3280.504[2] using the Dry Cup/Desiccant Method, of ASTM E 96[1]. Individual specimens are cut from the parent sample material. The specimens are taken from areas of the sample panel free from surface damage and residual adhesives. Specimen pans are filled to within 1/4-in of the bottom of the specimen with anhydrous calcium chloride meeting the specifications of Section 7.1.1 of ASTM E96[1]. Specimens are sealed to the pans using paraffin wax. Each specimen is placed into a conditioning chamber at a temperature of 90°F and a relative humidity of 50%. Air is circulated throughout the chamber to maintain uniform conditions. Each specimen is initially weighed, and then weighed at regular intervals throughout the test. The time that the specimens are out of the chamber for weighing purposes is kept to a minimum. Mass gain versus elapsed time is plotted on a graph until a straight line best-fit through six points is obtained. The water vapor transmission and permeance of the material is then determined, with the water vapor transmission rate taken as the slope of the line.

RNR112007-24

Prepared By Dale Arter
Reviewed & Approved By Douglas Berger

Page 2 of 9
Form QA-4-3
Issued/Revised: 12-6-07

3. TEST RESULTS
Results for each of the specimens are listed below in Table 1. The mass gain versus elapsed time plot is shown in the appendix, as are additional test data.

Table 1: Summary of Test Results

| Description | Orientation | Specimen No. | Average Thickness (in.) | Permeance (perms) |
|---|---|---|---|---|
| 5/16-in Gypsum | Finished Décor | 14079 | 0.344 | 22.90 |
| | Side Facing | 14080 | 0.344 | 18.47 |
| | Desiccant | 14081 | 0.344 | 20.57 |

4. CONCLUSION
Ritchey and Simpson, P.L.L.C. retained NTA Testing Laboratories, Inc. to evaluate the water vapor transmission of a 5/16-in paper covered gypsum board in accordance with ASTM E96-93[1], *Standard Test Methods for Water Vapor Transmission of Materials*.

Table 2: Conclusion

| Sample Construction | Test Method | Average Permeance Result |
|---|---|---|
| 5/16-in Gypsum. Brown Paper on one side and finished décor paper on the other. Finished décor side toward desiccant as detailed herein | Desiccant, 90°F. 50% R.H. | 20.65 perm |

PREPARED BY: _____ 12/26/07
Dale Arter,
Director of Testing

REPORT REVIEWED BY: _____ 12/26/07
Douglas Berger, P.E.
Test Engineer

# REFERENCES

1. *ASTM E96-93. Standard Test Methods for Water Vapor Transmission of Materials.* ASTM International (ASTM). West Conshohocken, PA. 8pp., January 1993

2. Department of Housing and Urban Development (HUD). *Manufactured Home Construction and Safety Standards & Interpretive Bulletins to the Standards. 24 Code of Federal Regulations Part 3280.* Office of Assistant Secretary for Housing, Federal Housing Commissioner, Department of Housing and Urban Development. Revised April 1, 1994.

RNR112007-24

Prepared By: Dale Arter
Reviewed & Approved By: Douglas Berger

Page 4 of 9
Form QA 4.3
Issued/Revised 12.6.07

FIGURES



Figure 1: Sampled Material with Surface Damage and Blemishes Marked



Figure 2: Test Specimens Cut From Damage Free Areas

RNR112007-24

Page 5 of 9

Prepared By: Dale
Reviewed & Approved

Form QA-13
Issued/Revised 12/6/07

FIGURES



Figure 3: Desiccant in Pans



Figure 4: Specimen 14079 Sealed to Pan

RNR112007-24

Prepared By: Dale Arter
Reviewed & Approved By: Douglas Berger

Page 6 of 9

Form QA 4.3
Issued/Revised 12/6/07

# APPENDIX

NTA

RNR112707-24, P#110677 ASTM E/96/93 Issued 2007-11-28                                   NTA Testing Laboratories, Inc.

### ASTM E96-93, Standard Test Methods for Water Vapor Transmission of Materials

Test Variable/Description: ASTM E-96-93 Procedure C

**General:**
- Client: Ritchey and Ritchey, P.A.
- Job Number: RNR112707-24
- Performed By: Ryan Lehman
- Witnessed By: Brad Wear
- Test Location: NTA Testing Laboratories, Inc. Nappanee, Indiana

**Apparatus:**
| | Asset No |
|---|---|
| Test Chamber: | 00765 |
| Data Logger: | 00579 |
| Balance: | 00093 |

**Test Material:**
- Description/Trade Name: wallboard sample retrieved from Deese home
- Manufacturer: unknown
- Average Thickness: 0.344-in
- Overall Size: 11x11-in
- Test Area Size: 10x10-in
- Date Received: 11/19/2007

**Test Parameters:**
- Test Method: *Desiccant Method*
- Test Temperature: 90 deg. F
- Chamber RH: 50%
- Pan Cavity RH: 0%
- Pan: 11.5-in. square, 10-in. square mouth
- Start Date: 11/29/2007
- End Date: 12/5/2007
- Overall Duration: 140.8 hours
- Sealing Method: Paraffin Wax
- Saturation Vapor Pressure: 1.4234 in. Hg
- Material Side A: finished, decorated face
- Material Side B: brown paper face
- Side Facing Higher Vapor Pressure: B

**Average Result: 20.65 perm**

### Table 1: Test Results

| Specimen No. | Side Facing Desiccant | Average Thickness (in.) | Permeance (perms) |
|---|---|---|---|
| 1 | 14079 | A | 0.344 | 22.90 |
| 2 | 14080 | A | 0.344 | 18.47 |
| 3 | 14081 | A | 0.344 | 20.57 |
| 4 | | | | |



**Figure A1: Total Mass Gain vs. Elapsed Time**
*NOTE: The slope of the last six points is taken as the water vapor transmission rate*
*Permeance is reported to 2 significant digits per ASTM E96*

This report contains only findings and results arrived at after employing the specific test procedures listed herein. It does not constitute a recommendation for, endorsement of, or certification of the product or material tested. NTA Testing Laboratories, Inc. makes no warranty, expressed or implied, except that the test has been performed, and a report prepared, based upon the specimen furnished by the client. Extrapolation of data from the test data provided herein, to the batch or lot from which the specimens were obtained may not correlate and should be interpreted with extreme caution. NTA Testing Laboratories, Inc. assumes no responsibility for variations in quality, composition, appearance, performance, or other features of similar materials produced by the client, other persons, or under conditions over which NTA Testing Laboratories, Inc. has no control. NTA Testing Laboratories, Inc. has issued this report for the exclusive use of the client to whom it is addressed. Any use or duplication of this report shall not be made without their consent. This report shall only be reproduced in its entirety.

Prepared By: Brad Wear
Revised By: Brad Wear
Reviewed/Approved By: Dale Arter

Page 1 of 3
Issued/Revised 2007-11-28

RNR112007-24

Prepared By: Dale Arter
Reviewed & Approved By: Douglas Berger

# APPENDIX

RNR112007-24, 2601-007 ASTM E0096-93 pn r 0, 2007-11-28    NTA Testing Laboratories, Inc.

## ASTM E96-93, Standard Test Methods for Water Vapor Transmission of Materials
### Calculations

The following calculations were used to calculate the Water Vapor Transmission Rate for the specimens tested.

Table 1 contains the raw measured data for the last 6 points of the test. A correlation of lines calculation (below) is used to determine when the rate of water transmission is linear for 6 points, and that is when the test stops.

Table 1: Raw Data

| Specimen | | Mass Measurements (g) | |
|---|---|---|---|
| | 14079 | 14080 | 14081 |
| Pan Area (ft²) | 0.6924 | 0.7139 | 0.6928 |
| Time (h)   Initial Mass: | 3269.84 | 3237.40 | 3238.44 |
| 20.42   1 | 3285.74 | 3250.41 | 3252.44 |
| 30.37   2 | 3293.48 | 3256.81 | 3259.32 |
| 92.83   3 | 3339.79 | 3295.37 | 3300.76 |
| 100.92   4 | 3345.55 | 3300.18 | 3305.95 |
| 116.35   5 | 3356.50 | 3309.50 | 3315.97 |
| 140.88   6 | 3373.50 | 3324.06 | 3331.40 |

Test Conditions
Chamber Temp: 90
Chamber RH: 0.5
Pan RH: 0

ASTM E96 states that a straight line should fit the last 6 weight points within 20% of 100 times the scale sensitivity. This analysis is done through a correlation of linearity through the points measured. The closer the correlation coefficient is to 1 the closer all the points are to making a straight line. When the correlation coefficient over the last 6 points is 1 to an accuracy of 0.0001 the test is stopped.

$$Correl(X,Y) = \frac{\sum (X - \bar{X})(Y - \bar{Y})}{\sqrt{\sum (X - \bar{X})^2 \sum (Y - \bar{Y})^2}}$$

Where
Correl(X,Y) = Correlation Coefficient
$X$ = Individual Time Point
$\bar{X}$ = Average Time point
$Y$ = Individual Mass Recorded
$\bar{Y}$ = Average Mass Recorded

Saturation Vapor Pressure (SVP) is interpolated from Table A-12M Properties of Saturated Water Temperature Table from the book Tables and Figures to Accompany Thermodynamics by Kenneth Wark, Jr. The table is duplicated below.

Table 2: Saturation Vapor Pressure of Water

| T (°C) | Pressure (bars) |
|---|---|
| 25 | 0.0317 |
| 26 | 0.0336 |
| 27 | 0.0357 |
| 28 | 0.0378 |
| 29 | 0.0401 |
| 30 | 0.0425 |
| 31 | 0.0450 |
| 32 | 0.0476 |
| 33 | 0.0503 |
| 34 | 0.0532 |
| 35 | 0.0563 |

Table 3: Interpolation of SVP from Table 2

| | T (°C) | S (bars) | S (inHg) |
|---|---|---|---|
| low bound | 32.00 | 0.04759 | 1.405 |
| high bound | 33.00 | 0.05034 | 1.487 |
| Chamber Conditions | 32.22 | 0.04820 | 1.423 |

$$SVP_C = \frac{(T_C - T_L)}{(T_H - T_L)} \cdot (SVP_H - SVP_L) + SVP_L$$

Where
$SVP_C$ = Saturation Vapor Pressure at Test Chamber Conditions
$T_C$ = Chamber Temperature
$T_L$ = Low Bound Temperature
$T_H$ = High Bound Temperature
$SVP_H$ = Saturation Vapor Pressure at High Bound Temperature
$SVP_L$ = Saturation Vapor Pressure at Low Bound Temperature
1 bar = 29.53 inHg

This report contains only findings and results issued after employing the specific test procedures listed herein. It does not constitute a recommendation for endorsement of or certification of the product or material tested. NTA Testing Laboratories, Inc. makes no warranty, expressed or implied, except that the test has been performed, and a report prepared, based upon the specimen furnished by the client. Extrapolation of data, from the test data provided herein, to the batch or lot from which the specimens were obtained may not correlate and should be interpreted with extreme caution. NTA Testing Laboratories, Inc. assumes no responsibility for variations in quality, composition, appearance, performance, or other features of similar materials produced by the client, other persons, or under conditions over which NTA Testing Laboratories, Inc. has no control. NTA Testing Laboratories, Inc. has issued this report for the exclusive use of the client to whom it is addressed. Any use or duplication of this report shall not be made without their consent. This report shall only be reproduced in its entirety.

Prepared By: Brad Wear
Revised By: Brad Wear
Reviewed/Approved By: Dale Arter

Page 2 of 3
Issued/Revised: 2007-11-28

RNR112007-24

Prepared By: Dale Arter
Reviewed & Approved By: Douglas Berger

Page 8 of 9
Form QA 4.3
Issued/Revised: 12/6/07

RNR112007-24, PP014073 ASTM E096-93 (pres 4), 2007-11-29

NTA Testing Laboratories, Inc

### ASTM E96-93, Standard Test Methods for Water Vapor Transmission of Materials
### Calculations

The next step in the calculation process is to look at the rate of mass gain per time (G/t). The slope of a linear regression line through the datapoints is used, which, mathematically, is the slope of a line that best fits the datapoints under consideration.

Table 4: Mass Gain over Time (grains/hour)

| Specimen: | 14079 | 14080 | 14081 |
|---|---|---|---|
| Slope: | 0.73 | 0.61 | 0.66 |

$$Slope = \frac{\sum (X - \overline{X})(Y - \overline{Y})}{\sum (X - \overline{X})^2}$$

Where
- $X$ = Individual Time Point
- $\overline{X}$ = Average Time
- $Y$ = Individual Mass
- $\overline{Y}$ = Average Mass

Water Vapor Transmittance (WVT) is the mass gain per time per area, or the slope devided by the pan opening. Units need to be converted to grains for mass and ft² for area.

Table 5: Water Vapor Transmission (Grains/hr/ft²)

| Specimen: | 14079 | 14080 | 14081 |
|---|---|---|---|
| WVT | 16.30 | 13.15 | 14.64 |

$$WVT = \frac{Slope \cdot 15.43}{A}$$

Where
- WVT = Water Vapor Transmission (grains/(hour ft²))
- Slope = Mass Gain over Time (table 4)(grams/hour)
- A = Area of Pan Opening (table 1) (ft²)
- 1 gram = 15.43 grains

The final step is to calculate permeability by dividing the WVT by the Saturation Vapor Pressure times the difference in relative humidity from the chamber to inside the pan.

Table 6: Permeability (perms)

| Specimen: | 14079 | 14080 | 14081 | Average |
|---|---|---|---|---|
| Perm: | 22.90 | 18.47 | 20.57 | 20.65 |

$$Perm = \frac{WVT}{(SVP_C (R_1 - R_2))}$$

Where
- Perm = permeability of material (perms)
- WVT = Water Vapor Transmission (grains/(hour ft²))
- $SVP_C$ = Saturation Vapor Pressure at Chamber Temperature
- $R_1$ = Relative Humidity of Chamber
- $R_2$ = Relative Humidity Inside Pan

This report contains only findings and results arrived at after employing the specific test procedures listed herein. It does not constitute a recommendation for, endorsement of, or certification of the product or material tested. NTA Testing Laboratories, Inc. makes no warranty, expressed or implied, except that the test has been performed, and a report prepared, based upon the specimen furnished by the client. Extrapolation of data from the test data provided herein, to the batch or lot from which the specimens were obtained may not correlate and should be interpreted with extreme caution. NTA Testing Laboratories, Inc. assumes no responsibility for variations in quality, composition, appearance, performance, or other features of similar materials produced by the client, other persons, or under conditions over which NTA Testing Laboratories, Inc. has no control. NTA Testing Laboratories, Inc. has issued this report for the exclusive use of the client to whom it is addressed. Any use or duplication of this report shall not be made without their consent. This report shall only be reproduced in its entirety.

Prepared By: Brad Wear
Revised By: Brad Wear
Reviewed/Approved By: Dale Arter

Page 3 of 3
Issued/Revised: 2007-11-28

RNR112007-24

Prepared By: Dale Arter
Reviewed & Approved By: Douglas Berger

Page 9 of 9

Form QA 4.3
Issued/Revised 12/6/07